CRAIN, Judge.
This is an appeal from a judgment awarding appellee, Dixie Electric Membership Corporation, a servitude by expropriation of 5.48 acres of appellant’s property at a price of $6,165.00. Three specifications of error are submitted to this court.
The first specification is that the trial court failed to give effect to the opinion of appellant’s appraisers that there are severance damages to the remainder of appellant’s property as a result of the servitude. The trial court found that the land taken was valued at $1,250.00 per acre because of the servitude. There is no argument with this portion of the opinion. The trial court denied the appellant’s claim for severance damages.
The record reflects that the property in question is part of a larger parcel of land situated in East Baton Rouge Parish, Louisiana. The right-of-way awarded to the Dixie Electric Membership Corporation is a 70 foot right-of-way. During the course of the trial, ap-pellee called Oren W. Russell as its expert while the appellant called John Allphin and Durward Gully as his experts. The trial court held that the highest and best use of the land in question is agricultural, although the defendant-appellant’s experts testified that the land has a potential residential use. The rule which controls the question regarding the highest and best use of the land is stated in the case of State Department of Highways v. Rapier, 246 La. 150, 164 So.2d 280. There it was held that the highest and best use as contended by the landowner must not be in the too distant future. The trial court felt here that “ . , . the defendant’s experts . are talking in terms of ultimate potential instead of the best and highest use under the jurisprudence.” We agree. The land is presently being used for agricultural purposes and the landowner presented no plan to put the property to other use. His testimony regarding possible development of the land was limited to his statement that his children would possibly use the land as their homesite. The contention of appellant that the highest and best use of the property in question is residential is thus too remote, and the holding of the trial court that the highest and best use is agricultural is correct.
The servitude will be used for the construction of an electrical distribution line. The testimony of the experts reveals that no real diminution in value will occur to the remainder of the property as the result of the construction of the transmission line, if the highest and best use of the property is for agricultural purposes. Accordingly the trial court was correct in not assessing any severance damages.
Appellant secondly contends that he suffered damages as a result of appellee’s filing a lis pendens on the entire tract when it filed suit to expropriate the right-of-way. We agree with the trial court that no evidence was introduced to substantiate this claim.
Both appellee and appellant’s experts testified as to values based on the assumption that only a 70 foot right-of-way is involved in the expropriation. The appellant now contends the trial court should have granted additional compensation for the 30 feet taken by the judgment which was finally rendered which overlaps an ex *478 isting pipeline servitude. A review of the entire record including the petition and the maps showing the expropriated property convinces us that only a 70 foot right-of-way was taken. However, the final judgment is poorly drawn and should be recast to avoid any possible confusion. We therefore recast the judgment to read as follows :
It is Ordered, Adjudged, and Decreed that there be judgment in favor of Dixie Electric Membership Corporation and against Roy Walter Riddle, awarding to plaintiff, Dixie Electric Membership Corporation, a right-of-way easement or servitude for the construction, operation and maintenance of an electric transmission and distribution line or system, together with all the rights necessary for the exercise of the same, free and clear of all liens, encumbrances, charges, or restrictions of any kind, retaining unto Roy Walter Riddle all other rights in and to the below described property, over and across the following described portion of defendant’s property:
A certain tract or parcel of land containing approximately 5.48 acres, situated in Sections 16 and 45, Township 5 South, Range 1 East, in East Baton Rouge Parish, Louisiana, more particularly described as follows: Beginning at a point on the easterly property line of the property of Roy Walter Riddle in Sections 16 and 45, Township 5 South, Range 1 East, East Baton Rouge Parish, Louisiana, which said point is located North 20 feet along said property line from the southeasterly corner thereof, and is the POINT OF ENTRY of the survey line of the 70 foot right-of-way, which survey line divides the right-of-way so that 50 feet lies north of the line and 20 feet lies south thereof, thence run North 89° OB' West a distance of 887 feet to a point, and corner; thence proceed North 34° 04' West a distance of 2526 feet to a point on the northerly property line of Roy Walter Riddle, which point is located West 2827 feet along said property line from the northeasterly corner thereof, as more particularly shown on the attached map marked “Exhibit A”.
It is Further Ordered, Adjudged, and Decreed that there be judgment in favor of defendant and against plaintiff awarding to defendant as just compensation for the expropriation of the above described right-of-way easement or servitude the sum of $6,165.00.
It is further ordered, adjudged, and decreed that the expert witness fees be fixed as follows, said sums being taxed as costs:
Gustof Vallo .$ 75.00
John Allphin •.$650.00
Durwood Gully ..$650.00
It is further ordered, adjudged and decreed that plaintiff, Dixie Electric Membership Corporation, pay all costs of these proceedings.
The judgment of the trial court as recast is affirmed, cost of this appeal to be paid by appellant.
Recast and affirmed.