357 So.2d 830 (1978)
LOUISIANA INTRASTATE GAS CORPORATION, Plaintiff-Appellant,
v.
Earl J. GUIDRY et al., Defendants-Appellees.
No. 6382.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1978.
Rehearing Denied May 9, 1978.
Writ Refused June 30, 1978.
Landry, Watkins, Cousin & Bonin by Jack J. Cousin, New Iberia, for plaintiff-appellant.
Hagood & Fitzgerald by David S. Fitzgerald, Jr., Lafayette, for defendant-appellee.
Before CULPEPPER, FORET and JOHNSON, JJ.
FORET, Judge.
By this action plaintiff-appellant expropriated a servitude for a gas transmission line across certain property of defendant-appellee in Lafayette Parish. The property involved is a 40-acre tract of land, located on a parish asphalt road, just off Louisiana Highway 182, about one or two miles north of the intersection of Louisiana 182 and *831 Interstate 10, north of the City of Lafayette. Appraisers for both the plaintiff and the defendant considered the property suitable for residential homesite development and fixed its value at $5,500 per acre and $6,000 per acre, respectively. The property was already burdened with a 50-foot wide servitude upon which was located a 69,000 volt electric transmission line belonging to Gulf States Utilities Company and which traversed the property on a line practically perpendicular to the parish asphalt road. The servitude expropriated is 20 feet in width, measuring 10 feet on either side of the pipeline, which traverses the property on a line parallel to and 15 feet west of the Gulf States Utilities Company electric line. As observed by defendant-appellee's appraiser, the servitude expropriated is within the 50-foot wide servitude for the Gulf States Utilities Company electric line.
The trial court was presented two appraisals, one for the plaintiff-appellant and one for the defendant-appellee. The defendant-appellee's appraisal included an allowance of $9,185 as severance damage to two strips of defendant-appellee's property, each measuring 250 feet in width and extending along either side of the 50-foot servitude for the Gulf States Utilities Company electric transmission line. The appraiser considered these areas depreciated in value by 30% by reason of the Gulf States Utilities Company electric line, and then again depreciated in value by 30% by reason of plaintiff-appellant's pipeline. Plaintiff-appellant's appraiser found that no severance damage would result by reason of the new taking.
The trial court found that plaintiff-appellant's appraisal failed to take into account relevant factors. It found defendant-appellee's appraisal to be an accurate estimate that it had taken into account, among other things, the decreasing value of the acreage in closest proximity to the pipelineand it gave judgment accordingly. Specifically, it awarded $202 as compensation for the servitude expropriated and an additional $9,185.60 as severance damage to the remainder. It also fixed the expert witness fee for defendant-appellee's appraiser at $950.00, and taxed that amount as costs against plaintiff-appellant. The trial court did not award an expert witness fee for another witness who had testified on behalf of defendant-appellee, nor did it award any attorney's fees, as defendant-appellee had requested. Plaintiff has appealed.
On appeal, plaintiff urges that the trial court erred in awarding severance damages without competent evidence, and in adopting the opinion of defendant-appellee's appraiser when such opinion was not shown to have been based upon any substantial ground.
We find that there is a reasonable evidentiary basis for the trial court to have concluded this matter in the way that it did. There is no doubt in our minds that there was some severance damage to defendant-appellee's remaining property as a result of the taking. We cannot say that the trial court abused its discretion in setting the severance damage to be 30% of the value of two strips of property 250 feet wide on each side of the servitude taken. To do so would be substituting our own judgment for that of the defendant's appraiser and the trial court. We find no manifest error in the ruling of the trial court on that score.
Defendant-appellee has answered the appeal asking for damages for a frivolous appeal. We find no merit in defendant's contention that the appeal was frivolous.
Defendant further asks that the trial court judgment be modified to include an expert witness fee in the amount of $1700 for Dr. Hunter Shirley, a psychologist, who had testified as an "expert witness". The rule of law, in this connection, is that in determining the fee, if any, to be allowed an expert, consideration must be given to the question of whether the preparatory work done by the expert was reasonably necessary, and whether the preparatory work and testimony given was reasonably necessary and useful in determining the award to be made. State, Dept. of Hwys. v. Gordy, 322 So.2d 418 (La.App. 3 Cir. 1975), writs refused 326 So.2d 370; State, Department of Highways v. Colby, 321 So.2d 878 (La.App. 1 Cir. 1975), writs refused 325 So.2d 278. Apparently the trial *832 court did not find that the testimony of Dr. Shirley was useful because it is nowhere mentioned in the trial court's reasons for judgment, nor was an award made for his fee in the judgment. The failure of a trial court judgment to mention a particular demand is tantamount to a denial of that demand. Sewell v. Southwest Argonaut Ins. Co., 355 So.2d 585 (La.App. 3 Cir. 1978, our docket number 6324). In our opinion the value of psychologist testimony in a case such as this, is of dubious value.
Defendant next alleges that the trial court erred in not awarding reasonable attorney fees to the defendant, relying on La.R.S. 19:8 which says in part:
"If the highest amount offered is less than the consideration awarded, the court may award reasonable attorney fees."
Without discussing the matter any further, we note that the statute says that the court may award reasonable attorney fees. The question therefore, of whether or not to award attorney fees, is discretionary with the court, and we cannot say that the trial court abused its discretion in not awarding attorney's fees.
For the foregoing reasons, the judgment of the trial court is affirmed.
Costs of this appeal are assessed against plaintiff-appellant, Louisiana Intrastate Gas Corporation.
AFFIRMED.