401 So.2d 1044 (1981)
CITY OF LAFAYETTE, Plaintiff-Appellee,
v.
Camille Joseph DELHOMME, Defendant-Appellant.
No. 8167.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
Rehearing Denied August 13, 1981.
*1045 Logan & Viguerie by P. Robert Viguerie, Lafayette, for defendant-appellant.
Allen, Gooch & Bourgeois, Joel E. Gooch, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, GUIDRY and SWIFT, JJ.
DOMENGEAUX, Judge.
At issue is whether or not the landowners in this expropriation proceeding are entitled to attorney fees.
On December 28, 1978, the City of Lafayette (the City) filed suit to expropriate a parcel of land owned by Camille and Mildred Delhomme (landowners), pursuant to La.R.S. 19:101-115. The City sought 11,576.02 square feet of a triangular tract of land with 37,706.12 square feet of area in order to extend North St. Antoine Street. Included within the area sought were portions of a wood residence, a grocery store, and a concrete parking lot, and several gas pumps.
Trial was held on August 1 and 2, 1979. The area sought by the City was successfully expropriated, leaving the landowners with two remaining tracts separated by the expropriated tract. The remaining tracts have areas of 1,281.8 square feet and 24,848.3 square feet. Landowners were originally awarded $233,000.00 as compensation for the full extent of their losses in a judgment signed August 2, 1979, but after a new trial was granted to reconsider the evidence, the award was increased to $260,938.00 in a judgment signed February 5, 1980. The court itemized the award as follows:

Real property taken $177,891.00
Business losses 9,974.00
Value of walk-in coolers
 and shelving 25,573.00
Value of inventory 47,500.00
 ___________
TOTAL $260,938.00

In addition, the court awarded the landowners $6,500.00 as expert witness fees. Simultaneously with the rendition of each judgment, the City paid into the registry of the court all amounts awarded and those funds have been received by the landowners. Neither party questions the amount of the award.
On March 6, 1980, the landowners filed a motion for attorney fees equal to 25% of the difference between the highest amount offered by the City prior to trial, an amount landowners contend is $175,000.00, and the $260,938.00 awarded by the court. Trial of this motion was held April 28, 1980, and on May 7, 1980, the court denied the request for attorney fees. Judgment to that effect was signed July 18, 1980. From that judgment the landowners have appealed.
The landowners claim attorney fees under La.R.S. 19:109A. The pertinent part of that statute provides:
"... Immediately after compensation has been determined, the plaintiff shall, upon motion of the defendant, present evidence as to the highest amount it offered the defendant for the property prior to trial on the merits. After hearing evidence on the issue, the court shall determine the highest amount offered. If the highest amount offered is less than the compensation awarded, the court may award reasonable attorney fees ...." (Emphasis added).
La.R.S. 19:109, one of several statutes dealing with expropriations by a municipal corporation (see La.R.S. 19:101-115), was enacted by Act 453 of the 1977 Regular Session of the Louisiana Legislature and has never been interpreted nor cited. However, La.R.S. 19:8, relative to expropriations by the state and certain corporations, is identical to 19:109 and has been frequently construed. Since we see no reason to interpret *1046 the two statutes differently, we will consult jurisprudence interpreting 19:8 to determine whether attorney fees are due, in this instance, under 19:109.
In our most recent applications of 19:8, this Court has held that the statute says the court may award reasonable attorney fees. Therefore, the decision of whether or not to award attorney fees is left to the court's discretion. Louisiana Intrastate Gas Corporation v. Guidry, 357 So.2d 830 (La.App. 3rd Cir. 1978), writ denied 359 So.2d 1308 (La.1978); Louisiana Resources Company v. Langlinais, 383 So.2d 1356 (La. App. 3rd Cir. 1980). In both cases, the trial court's decision not to award attorney fees was upheld on appeal because no abuse of discretion had been shown. After reviewing the evidence in the instant case, we conclude that the trial court did not abuse its discretion in refusing to award attorney fees.
Testimony adduced at the trial of the motion for attorney fees revealed that the City, immediately before trial, made a cash offer to the landowners of $175,000.00 and further stipulated that (1) the landowners could remain on the expropriated premises, living in the house and operating the grocery store, until a replacement store was available for occupancy, (2) the City would bear the expense of moving the landowner's grocery stock and equipment to the replacement store, (3) the City would bear the expense of removing the house, grocery store, and concrete parking lot from the premises, after which the City would construct driveway entrances to the remainder of the property at locations selected by the landowners, and (4) the street construction project specifications would require the contractor to provide access to the grocery store on the remainder of the property throughout construction.
The landowners contend that the City's offer amounted to only $175,000.00. They believe the non-pecuniary portions of the offer are valueless. Consequently, based on what they perceive to be a great disparity between the offer and the $260,938.00 award, landowners argue the trial court abused its discretion in failing to award attorney fees.
The trial court offered no reasons to support its refusal to award attorney fees nor did the court assign a value to the City's offer. Nevertheless, we find that the trial court could have decided that the non-pecuniary portions of the offer were valuable and significantly increased the overall value of the offer. This is particularly true of stipulation (2), whereby the landowners would have retained the ownership of the walk-in coolers and shelving (the grocery equipment) and the inventory (grocery stock), items valued at $25,573.00 and $47,500.00, respectively. In addition, the City offered to move these items for the landowners. According to the evidence, such a move would cost $8,850.00. Inasmuch as the court ordered the City to pay the landowners for the equipment and the stock[1] ($73,073.00 of the $260,938.00 award), it is reasonable to assume that the court, solely for the purpose of determining whether attorney fees should be awarded, added to the City's offer the value of the equipment and the stock as well as the cost for moving those items. By adding these figures ($73,073.00 and $8,850.00), the value of the City's offer is increased from $175,000.00 to $256,923.00, an amount only $4,015.00 shy of the court's final award. In addition, the court may have felt any or all of the other stipulations were valuable, and had the effect of increasing the amount of the offer. We do not think it was an abuse of discretion for the court to have believed that the nonpecuniary portions of the offer were valuable.
Although a disparity may have existed between the amount of the offer and the *1047 amount of the award, the trial court did not err in refusing to award attorney fees. The record demonstrates that the City negotiated in good faith and that the real value of its offer was only slightly less than the award. Additionally, this was a complex case involving new jurisprudence (see footnote 1) and close questions on compensability. Litigation was apparently unavoidable.
The case of State, Through Department of Highways v. Johnson, 341 So.2d 12 (La. App. 3rd Cir. 1977), writ refused 343 So.2d 203 (La.1977), relied upon by the landowners, is inapposite. Therein, this Court reversed the trial court's denial of attorney's fees and awarded $1,500.00 when the State's offer was $7,675.00 lower than the award. However, the attorney fees were justified because the state's valuation of $22,105.00 was based on a method of appraisal previously rejected by the courts. The landowner was required to obtain a lawyer and litigate the amount to which he was entitled. Only after the landowner contested its suit did the State have a second appraisal made using the correct method. This second appraisal yielded the proper value of the expropriated property but by then attorney fees had already been incurred by the landowner. It is evident from the Court's opinion in Johnson that attorney fees were awarded because the State unnecessarily forced the landowners to hire an attorney to seek the correct measure of compensation. Johnson is therefore distinguishable because in the instant case litigation was probably unavoidable due to the complex issues.
Landowners have not demonstrated that the trial court abused its discretion in refusing to award attorney fees. Since our review of the evidence has revealed no abuse of discretion, the judgment of the trial court which denied attorney fees is affirmed at the landowners' cost.
AFFIRMED.
NOTES
[1] Since the award has not been appealed, we express no opinion as to whether or not the court may have erred in requiring the City to buy the store's movable contents. In making the award, the court indicated that it was guided by Article 1, Section 4 of the Louisiana Constitution of 1974, which provides that a landowner "shall be compensated to the full extent of his loss", and by State, Department of Highways v. Constant, 369 So.2d 699 (La.1979), which expanded traditional concepts of compensation to landowners in expropriation suits.