442 So.2d 884 (1983)
SHELL PIPE LINE CORPORATION, Plaintiff-Appellee,
v.
Arley A. SARVER, Defendant-Appellant.
No. 83-291.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1983.
Rehearing Denied January 13, 1984.
Writ Denied March 9, 1984.
*885 Privat & Regan, Kenneth O. Privat, Crowley, for defendant-appellant.
Broadhurst, Brook, Mangham, Hardy & Reed, Oscar E. Reed, Jr., Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
Shell Pipe Line Corporation, plaintiff-appellee, filed an expropriation suit against Arley A. Sarver, defendant-appellant. Subsequent to the judgment granting the expropriation and the later jury verdict awarding compensation, various rules were filed by both parties. From a judgment denying Sarver an award of attorney's fees and interest on the jury award and reducing by one-half (½) the proposed fee of Sarver's expert, A. Byron Core, Sarver appealed. We find that the trial court did not err in denying Sarver an award of attorney fees and interest. We find no error in the award of the expert fee. However, we find the trial court erred in ordering Sarver to return the payment of interest paid by mistake by Shell.
The issues on appeal are whether the trial court erred:
1. In fixing the expert fee of A. Byron Core;
2. In not granting Sarver attorney fees;

*886 3. In denying Sarver interest on the jury award; and
4. In ordering Sarver to return the payment of interest paid to him by mistake by Shell.
Shell instituted the present action against Sarver to gain a right of way for the construction of a pipeline. The expropriation was allowed and the right of way was awarded by judgment dated November 28, 1978. In June 1982 a trial was held to determine the compensation due Sarver. After hearing evidence regarding the value of the property taken and damages caused by the taking, a jury determined that the compensation to be awarded was $30,191.26.
On June 10, 1982, Shell deposited in the Registry of the Court the sum of $37,271.07 representing the principal amount of the verdict ($30,191.26) together with interest on compensation for the taking of the right of way from December 4, 1978, and interest on damages from June 20, 1980. The interest paid was $7,079.81. Sarver subsequently withdrew the total deposit from the Registry of Court.
A few days later Shell discovered that Sarver had never prayed for interest in his pleadings addressed to the subject of compensation. Shell then filed a motion styled: "Return of Erroneous Payment of Interest." Sarver countered with rules to fix expert fees, fix interest and set attorney fees.
After hearing these rules the trial court in written reasons denied Sarver all interest, denied attorney fees and fixed A. Byron Core's appraisal fee at $1,300.00. The trial court also rendered a judgment ordering Sarver to reimburse Shell the interest amount of $7,079.81 previously deposited in the Registry of Court in error and withdrawn by Sarver.
On appeal Sarver contends that he is entitled to attorney fees under LSA-R.S. 19:8. Further, he contends that the appraiser's fee should have been fixed at $2,650.00, which was the amount the evidence shows was actually charged by the expert. Finally, he contends it was error not to have awarded him legal interest; he urges that the fact that interest was not prayed for specifically is of no consequence since interest is due from the date of the taking whether prayed for or not.
Judge Hebert in his written reasons for judgment addressed the issues raised by Sarver on appeal. After reviewing the record and the jurisprudence, we find that the trial court was correct in his denial of attorney's fees and in his determination of the expert fee. Therefore, we adopt Judge Hebert's well articulated reasons as to these issues as our own.
"Defendant seeks attorney's fees under the provisions of LSA R.S. 19:8. This statute does grant the defendant in an expropriation a right to seek attorney's fees if the highest amount offered, as determined by the trial judge, is less than the compensation awarded. Further, the time allowed in R.S. 19:8 is `prior to trial on the merits'. It is the opinion of the Court that immediately prior to trial, an offer of $45,000.00 was made to defendant. Since this amount exceeds the compensation awarded,1 and was offered prior to trial on the merits, defendant is not eligible for attorney's fees under R.S. 19:8.
"The Court is given the power to grant or deny attorney's fees in expropriation suits. See City of Lafayette vs. Delhomme, 401 So.2d 1044 (La.App. 3rd Cir., 1981). The intent of R.S. 19:8 seems clear; to encourage fair offers by plaintiff, and to encourage reasonableness on the part of defendants. In light of the testimony and the findings of the jury, $45,000.00 was a reasonable offer. Defendants arguments that `pretrial' means `prefiling' and `offer' means `tender' are without merit. Defendant's prayer for attorney's fees is denied.
"It is stipulated between the parties that the plaintiff is liable for costs of these proceedings. A disputed item of costs consists of the expert witness fee of A. Byron Core. Sarver contends that a fee of $2650.00 is reasonable due to time spent, and the jury's use of his land value figure. The Court recognizes the value of Mr. Core's testimony, but also considers plaintiff's argument that much of Mr. Core's *887 efforts involved establishing severance, a factor of damages specifically denied by the jury. Considering the foregoing, the Court finds that an award of $1300.00 is justified for the expert witness fee of Mr. Core, based upon Defendant Exhibit D-5."
Concerning the issue of whether Sarver was entitled to judicial interest on the amount of the jury award calculated from the date of taking, the trial court denied this claim because there was no specific prayer for interest in Sarver's pleadings. Additionally, the trial court ordered Sarver to return the erroneous payment of interest by Shell.
We find the trial court was correct in determining Sarver was not entitled to an award of interest. In cases of expropriation by entities such as the plaintiff the defendant is entitled to legal interest on his compensation from the date of judgment taking the property or from the date the plaintiff appropriates the property for its use, whichever is sooner. Trunkline Gas Co. v. Rawls, 394 So.2d 1250 (La.App. 2nd Cir.1980), writ denied 400 So.2d 904 (La. 1981). However, LSA-C.C.P. art. 1921 provides: "The court shall award interest in the judgment as prayed for or as provided by law." Under this codal article, interest may be awarded only if prayed for or if provided by statute. Lake Charles Harbor & Terminal Dist. v. Prestridge, 182 So.2d 334 (La.App. 3rd Cir.1966). In the present case the defendant failed to pray for interest and there is no statutory authority to award such interest. The trial court was accordingly correct in this ruling.
However, the trial court was incorrect in ordering the return of the erroneous payment of interest. Shell deposited in the Registry of Court the sum of $7,079.81 representing interest. Sarver subsequently withdrew this amount. In its rule seeking the return of that money, Shell declared it had mistakenly paid Sarver a debt not due. The trial court granted the motion and ordered Sarver to return the payment of interest. We find the court erred in this portion of its judgment and that the plaintiff is entitled to keep the interest that was paid.
Under LSA-C.C. art. 2302 a person "who has paid through mistake, believing himself a debtor, may reclaim what he has paid." However, this right is qualified by article 2303 which states:
To acquire this right, it is necessary that the thing paid be not due in any manner, either civilly or naturally. A natural obligation to pay will be sufficient to prevent the recovery. (emphasis added)
In the present case an obligation on the part of Shell for payment of interest arose on the date of the expropriation judgment. Because Sarver did not specifically pray for interest, this obligation could not be civilly enforced. However, once the plaintiff voluntarily paid the obligation by depositing the money into the Registry of Court and once the defendant withdrew the sum, the plaintiff is precluded by Art. 2303 from acquiring the right to reclaim this sum.
For these reasons the judgment of the trial court ordering the defendant to return the payment of interest made by the plaintiff is reversed; the judgment of the trial court is affirmed in all other respects at the appellee's cost.
AFFIRMED IN PART; REVERSED IN PART.