458 So.2d 981 (1984)
FAUSTINA PIPE LINE COMPANY, Plaintiff-Appellant,
v.
Harry Warren BERNARD, et al., Defendants-Appellees.
No. 83-920.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1984.
Rehearing Denied November 26, 1984.
Writs Denied January 25, 1985.
*982 Elizabeth Jane Hastings and Michael Mangham, Lafayette, Earl H. Willis, St. Martinville, for plaintiff-appellant.
S. Gerald Simon, New Iberia, for defendants-appellees.
Before FORET, STOKER and KNOLL, JJ.
STOKER, Judge.
Faustina Pipe Line Company (Faustina), plaintiff in this expropriation suit, appeals complaining of the amounts awarded to Dr. and Mrs. Harry Bernard for just compensation, expert fees, and attorney's fees.[1] For reasons set out below, we amend the judgment of the trial court.

FACTS
In this proceeding, Faustina seeks to establish a permanent right-of-way for a pipeline across property located in St. Martin Parish containing approximately 19 acres. The permanent right-of-way is to be 30 feet in width constituting a taking of .36 acres of the subject property. Faustina also requests taking of a temporary work space adjacent to the permanent right-of-way 60 feet in width or .69 acres of the subject property. The property was leased to *983 Ulysse Gonsoulin & Sons, Inc., and was planted in sugar cane at the time of the taking.
After failing to reach an agreement with Dr. Bernard regarding the terms of the taking, Faustina filed this suit for expropriation naming as defendants Dr. Bernard, his wife, Helen Lindstrom Bernard, and the lessee, Ulysse Gonsoulin & Sons. At trial the parties stipulated as to the location, necessity, and other details regarding the proposed pipeline and stipulated that the landowners' share of the crop damage would be $546.65. An agreement was also reached with the lessee as to its share of the crop damage.
Although no dilatory exception of prematurity was filed, the issue of whether Faustina had negotiated with Mrs. Bernard was raised and considered by the trial court. After the trial court held that the property was community and there had been no negotiations with Mrs. Bernard, Faustina dismissed her as a defendant, and filed a separate suit against her apparently after conducting unsuccessful negotiations. The second suit against Mrs. Bernard was consolidated with the initial proceeding for trial. The trial court found the value of the property subject to the permanent right-of-way to be $4,320 and the value of the property subject to temporary use to be $993.60. Dr. and Mrs. Bernard were each awarded half of the total amount of damages including the stipulated crop damage of $546.65.[2] The trial court also awarded the Bernards $2,400 for payment of their expert's fee and $3,900 for attorney's fees.
Faustina alleges that the trial court erred in the following respects:
1. The trial court incorrectly found the subject property to be community,
2. The trial court awarded an excessive amount for just compensation,
3. The trial court awarded an excessive amount for the expert's fee, and
4. The trial court awarded an excessive amount for an attorney's fee.

STATUS OF THE PROPERTY
On appeal Faustina claims that it should be reimbursed for the cost of filing a separate suit against Mrs. Bernard as a result of the trial court's finding that the property was community and she should have been a party to the negotiations. A reimbursement of costs is the only relief sought with regard to this issue. As previously noted, no dilatory exception of prematurity was filed on behalf of Mrs. Bernard; however, the issue of whether Faustina negotiated in good faith with her was heard by the trial court without objection by Faustina. We will consider the matter on appeal as if an exception had been properly filed.
Faustina takes the position on appeal that the subject property was the separate property of Dr. Bernard; thus, it was not required to conduct negotiations with Mrs. Bernard. In response, the Bernards claim that Faustina judicially admitted that the property was community. Alternatively, the Bernards assert that the property is in fact community property and that, in any event, Mrs. Bernard has some interest in the property.
In its initial petition, Faustina made the following statement:
"Defendants herein,
Harry Warren Bernard and his wife, Helen Lindstrom Bernard, both residents and domiciliaries of Iberia Parish, Louisiana,
are the present record owners of the following described immovable property situated in St. Martin Parish, Louisiana:"
Defendant asserts that this pleading amounts to a judicial confession under LSA-C.C. art. 2291 of the fact that the property is community, and Faustina may not now claim that the property is Dr. Bernard's separate property. Faustina argues that the pleading is not a judicial *984 confession that the property is community, but merely recognizes that Mrs. Bernard may have some interest in the property. For example, the fruits and income derived from the property are a part of the community.
We are of the opinion that Faustina's pleadings in its initial petition name Mrs. Bernard as a landowner. This position is supported by statements in the petition other than that quoted above which refer to Dr. and Mrs. Bernard as landowners. Once such a judicial confession has been made, the party making the admission may not later take a contrary position. Succession of Vice, 385 So.2d 554 (La.App. 3rd Cir.1980), writ denied, 392 So.2d 1066 (La.1980). We express no opinion on the actual character of the property, and question whether title in property can be established by the judicial confession in a petition.
Considering the admissions made by Faustina in its pleadings and the manner in which this matter was brought before the trial court for consideration, we do not find it inequitable that Faustina should be cast for costs in the trial court. See LSA-C. C.P. arts. 1920 and 2164. Its request for relief as to this issue is denied.

VALUE OF THE PROPERTY
The subject property is roughly rectangular in shape and contains approximately 19 acres. It is fronted on its south end by the Lady of the Lake Road for a distance of about 536 feet. Its eastern border fronts on a parish gravel road for a distance of approximately 1,600 feet. The proposed right-of-way will cross the property in an east-west fashion approximately 1,000 feet from the Lady of the Lake frontage. The proposed pipeline will be immediately adjacent to a currently existing Dow Chemical Company easement. We include in this opinion the following graphic depiction of the property for illustrative purposes only. It is not drawn to scale.
 The primary dispute in determining the proper amount to be awarded as just compensation in this case concerns the highest and best use of the property. The trial court accepted the opinion of defendant's expert, Mr. Sam Kennedy, and found that the highest and best use was for residential development. Plaintiff's experts, Mr. Gene Cope and Mr. J. Harold Lambert, agreed that approximately three acres fronting on the asphalt Lady of the Lake Road has as its highest and best use residential development, but both experts found that the remaining 16 acres is agricultural. We find that the trial court was clearly wrong in determining that the highest and best use of the entire property was for residential development.
Highest and best use has been defined as "the most favorable employment to which the property is adaptable and may reasonably be put in the not too distant future." State, Department of Highways v. Rapier, 164 So.2d 280 (La.1964); Louisiana Resources Company v. Langlinais, 383 So.2d 1356 (La.App. 3rd Cir.1980). With regard to potential use of property, the court in Rapier made the following statement:
"Potential residential subdivision or industrial use, to serve as the basis of establishing market value in an expropriation proceeding must be shown to be reasonably prospective, as distinguished from remotely prospective, to remove such potential use or classification from the realm of guesswork, speculation and conjecture. If such potential future use is shown within the reasonably near future, *985 the owner is entitled to compensation on the basis of such use notwithstanding the property is not being utilized for such use at the time of taking."
This position was also adopted by the court in Langlinais. In Langlinais the court also considered demand to be an important factor in determining potential use.
In the present case, the property use has apparently always been agricultural. Mr. Kennedy stated that Dr. Bernard had never expressed any intention to him to develop or sell the property as residential lots, and Dr. Bernard did not testify as to any such intention. Mr. Kennedy testified further that he "found the property to be of rural home site type property with interim use as agricultural." His opinion was influenced by the amount of frontage the property has along the parish gravel road. As to highest and best use, Mr. Kennedy made the following observations:
"Now, when we define highest and best use as residential, I don't think that we have to have an immediate market for real estate. Most real estate is a reasonably long term investment... So, I believe that a prudent owner would hold this property to its highest and best use which is by definition that greatest net return from the land, and hold it for residential until the cycle of real estate begins again."
In accordance with his determination that the highest and best use of the property is residential Mr. Kennedy considered comparables of 1¼ to 1½ acre lots. By using these comparables, Mr. Kennedy determined that the value of the property was $12,000 per acre, and the permanent right-of-way would cause a 100% loss of the property taken. He determined the value of the property subject to the permanent right-of-way to be $4,320 (.36 acres X $12,000). The property subject to temporary use for an estimated period of one year at a rental rate of 12% was found by Mr. Kennedy to have a value of $993.60 (.69 acres × $12,000 × .12).
We are of the opinion that Mr. Kennedy's determination of highest and best use was based on the ultimate potential use of the property rather than its use in the "not too distant future." See Dixie Electric Membership Corporation v. Riddle, 277 So.2d 476 (La.App. 1st Cir.1973). Mr. Kennedy's testimony along with that of Mr. Cope and Mr. Lambert establishes that there is an abundant supply of property in the general area of the subject property which is available for homesites. Some of the available property is in developed subdivisions and some of it is more in the nature of rural homesites. Much of this property has been for sale for more than a year.
Both Mr. Cope and Mr. Lambert found there would very little demand for more homesite property with its frontage on a gravel road, and each made his appraisal in accordance with this opinion. Mr. Lambert determined that the property fronting on Lady of the Lake road has a value of $10,000 per acre and the remaining 16 acres has a value of $4,000 per acre. He used a composite value of $6,500 per acre in determining the value of the property taken. Mr. Lambert considered that the owner would retain a 20% use of the property taken. The trial judge agreed that this would be the case if the highest and best use of that property is agricultural. Mr. Kennedy determined the value of the property subject to the permanent right-of-way to be $1,872 (.36 acres × $6,500 × .80), and the value of the property subject to temporary use to be $538.20 (.69 × $6,500 × .12).
Mr. Cope's valuation is very similar to that of Mr. Lambert with the following exceptions. Mr. Cope determined that the remaining 16 acres has a value of $6,000 per acre, and he used that figure in his calculations. He also determined that the land has a 15% rental value. Accordingly, Mr. Cope found the value of the land subject to the permanent right-of-way to be $1,728 (.36 acres × $6,000 × .80), and the value of the land subject to temporary use to be $621 (.69 acres × $6,000 × .15).
In determining the value of the remaining 16 acres Mr. Lambert relied on comparables ranging from 4.0422 to 87.133 acres. *986 Mr. Cope's comparables ranged from 6.73 to 31.98 acres. The approach used by both of these experts appears to us to be sound. In fact, Mr. Kennedy testified that absent the factor of the gravel road frontage, he would have used the same method. We will give defendants the benefit of the highest figures used by Mr. Lambert and Mr. Cope to determine the compensation to which they are entitled.
We find that defendants should be awarded the amount of $1,872 (.36 × $6,500 × .80) for the property subject to the permanent right-of-way. The award for the property subject to temporary use should be $672.75 (.69 × $6,500 × .15).

EXPERT'S FEE
The trial court awarded the Bernards $2,400 for the expert fee charged by Mr. Kennedy. The basis of the charge explained by Mr. Kennedy is that he charged $500 per day for three days of appraisal work and one day for pretrial conference and viewing the property and $400 for the one day of trial. Plaintiff argues that the expert's fee is excessive and constitutes an abuse of the trial court's discretion. We agree that the fee should be reduced.
Plaintiff points out that even if the fee is not an abuse of discretion, it should still be reduced to an amount not to exceed $1,900. The basis of this argument is that the one day of pretrial conference for which Mr. Kennedy charged $500 is noncompensable. State, Department of Highways v. Manning, 322 So.2d 362 (La. App. 2d Cir.1975). We agree. Defendants argue that Mr. Kennedy spent the day with their attorney while viewing the property, the neighborhood, and the comparables he used. It appears that the time spent by Mr. Kennedy that day was more in the nature of a pretrial conference even though it was done while viewing property. We conclude that the charge for that day should not be included in the award.
In considering whether the remaining $1,900 of Mr. Kennedy's fee is reasonable, we are guided by the factors considered by the court in State, Department of Highways v. Gordy, 322 So.2d 418 (La.App. 3rd Cir.1975), writ refused, 326 So.2d 370 (La. 1976). In that case the court observed:
"In determining whether the fee allowed an appraiser and taxed as costs in an expropriation suit is reasonable, we think consideration must be given to the question of whether the preparatory work done by the appraiser was reasonably necessary, whether it actually tended to show the value of the property taken or severance damages, and whether the conclusions he reached based on that preparatory work were of some usefulness in determining the award which should be made. We also believe that consideration must be given to the value of the property being taken and the amount of severance damages sustained by the landowner. An appraisal fee greatly in excess of all of the awards made is not reasonable and should be reduced."
In the present case, while the work done by Mr. Kennedy was necessary, it was found by this court of appeal to be of little use in determining the amount of compensation which should be awarded. Mr. Kennedy's observations of the market in the area were of some assistance in reaching a determination in this matter. In view of the amount of compensation to be awarded in this matter, we find an expert fee of $1,500 for Mr. Kennedy to be reasonable.

ATTORNEY'S FEE
The trial court awarded the Bernards $3,900 for payment of his attorney's fee. The statute under which attorney's fees are claimed is LSA-R.S. 19:8(A). It provides in pertinent part, "If the highest amount offered is less than the compensation awarded, the court may award reasonable attorney fees."
We have determined that the defendants are entitled to compensation in the amount of $2,544.75. Plaintiff made an offer of $2,689 to the defendants prior to trial. (We do not consider the crop damage in this connection because the amount stipulated *987 to was the same as that offered.) Because the compensation awarded is less than that offered, we find that attorney's fees may not be awarded. We are aware that the terms of the taking were not agreed upon at the time of the offer; however, this situation is not covered by the statute. It is well settled that attorney's fees are not recoverable unless specifically provided for by statute.

CONCLUSION
The compensation due defendants by Faustina includes $1,872 for the permanent right-of-way, $672.75 for the temporary work space, and $546.65 for stipulated crop damage for a total compensation award of $3,091.40. Each defendant will be awarded one-half of the total amount, or $1,545.70.
For the foregoing reasons, the judgment in favor of defendant, Dr. Harry Warren Bernard, and against Faustina Pipe Line Company for just compensation is reduced from $2,929.32 to $1,545.70. The judgment against Faustina Pipe Line Company ordering it to pay the expert fee of Mr. Sam Kennedy is reduced from $2,400 to $1,500.
The judgment against Faustina Pipe Line Company ordering it to pay attorney's fees in the amount of $3,900 is reversed. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants-appellees.
AFFIRMED IN PART, AMENDED IN PART AND AFFIRMED AS AMENDED, AND REVERSED IN PART.
NOTES
[1] A separate suit was filed against Mrs. Bernard and a separate opinion is being rendered this date in that matter. Faustina Pipe Line Company v. Bernard, 458 So.2d 987 (La.App. 3rd Cir. 1984).
[2] The trial court awarded Dr. and Mrs. Bernard $2,929.32 each; however, the correct amount should be $2,930.13 (one-half of $4,320 + $993.60 + $546.65).