GASKINS, J.
| iln this expropriation case involving the expansion of the Louisiana Tech campus, the State of Louisiana, through the Board of Supervisors for the University of Louisiana System and the Commissioner of Administration (hereinafter “the State”), appeals from a judgment ordering payment of attorney fees to the defendant, Miss Chub, L.L.C. We affirm the trial court judgment.
FACTS
In November 2008, the State filed a petition for expropriation, seeking to take the defendant’s property in Ruston, Louisiana, for the expansion of the Louisiana Tech campus in connection with the Louisiana Tech Research Park. In its petition, the State asserted that, despite good faith negotiations, it had been unable to reach an amicable agreement with the defendant. In its answer, the defendant did not contest the State’s right to take; however, it asserted that the amount offered was inadequate to compensate it for its loss.
*424 On August 27, 2010, the Friday before the trial started, the parties filed a joint stipulation that the defendant waived all defenses to the State’s' right to take the property while reserving the issue of just compensation for determination by trial.
The following e-mail exchange occurred between the parties, also on August 27, 2010, between 11:25 a.m. and 5:11 p.m.:
State’s counsel [11:25 a.m.]: I must have not gotten your fax. Can you resend the offer?
Defendant’s counsel [1:55 p.m.]: $800[,]000 plus all court costs and attorney fees will be acceptable to my client as settlement in this case ... thanks.
^State’s counsel [4:14 p.m.]: We offer $508,000 in settlement.
Defendant’s counsel [4:14 p.m.]: [I] have spoken again to ms. cobb. [S]he will accept $750,000 plus all court costs and attorney fees. [T]hanks.
State’s counsel [5:11 p.m.]: Thanks. Will pass that on.
Trial commenced on Monday, August 30, 2010. On September 2, 2010, the jury awarded compensation of $460,000.
Prior to the signing of the judgment by the trial court, the State objected to paying attorney fees to the defendant under La. R.S. 19:8(A). This statute grants the defendant in an expropriation case a right to seek attorney fees if the highest amount offered before trial, as determined by the trial judge, is less than the compensation awarded. The State argued that since it had previously offered the defendant $508,000 in its e-mail offer and the amount awarded by the jury was only $460,000, the defendant was not entitled to attorney fees.
The defendant contended in its motion to assess costs against the State and award attorney fees to the defendant that no tender was ever made to it. It asserted that the amount awarded by the jury was $180,000 more than the State offered before filing suit and $160,000 more than the State’s appraisers testified to at trial. It contends that no “clear offer” was made after suit was filed.
On September 22, 2010, the trial court signed a judgment of expropriation. However, the parties’ claims as to costs, including attorney fees, were reserved for further proceedings. A hearing on these matters was Rheld on December 20, 2010. At the conclusion of the hearing, the matter was taken under advisement.
On February 25, 2011, the trial court issued written reasons for judgment in which it ruled in favor of the defendant on the issue of attorney fees. In its written opinion, the court reviewed the policy consideration of requiring expropriation authorities to make reasonable offers in a reasonable time period to encourage landowners to settle their claims for just compensation. The court noted that in August 2010, the State had two appraisals of the property in the amounts of $288,000 and $300,000, while the defendant’s expert valued it at $715,000. The State made a “blanket” offer of $508,000 on the Friday before the Monday trial which did not specify whether it included attorney fees and costs. Thus, the court concluded that the offer was ambiguous and vague; such ambiguity is construed against the drafter of the offer. The court found that the vagueness of the offer failed to provide the landowner with a clear baseline to evaluate the risks of continued litigation. The court ruled that the State’s offer was invalid and unenforceable. Attorney fees of $25,308.50 were awarded to the defendant. Judgment in conformity with the court’s ruling was signed on June 6, 2011.
The State suspensively appealed.
*425 LAW
Attorney fees are not allowed except where authorized by statute or contract. State, Department of Transportation and Development v. Williamson, 597 So.2d 4B9 (La.1992).
|4La. R.S. 19:8(A), which pertains to general expropriation cases, provides statutory authority for an award of attorney fees. In relevant part, it states:
Immediately after compensation has been determined, the plaintiff shall, upon motion of the defendant, present evidence as to the highest amount it offered the defendant for the property prior to trial on the merits. After hearing evidence on the issue, the court shall determine the highest amount offered. If the highest amount offered is less than the compensation awarded, the court may award reasonable attorney fees.[1]
The intent of La. R.S. 19:8 seems clear—to encourage fair offers by the plaintiff, and to encourage reasonableness on the part of defendants. Shell Pipe Line Corporation v. Sarver, 442 So.2d 884 (La.App. 3d Cir.1988), writ denied, 446 So.2d 319 (La.1984).
The owner of expropriated property shall be compensated to the full extent of his loss. La. R.S. 19:9(B). The Louisiana Constitution of 1974 likewise provides that the owner of expropriated property is to be paid “just compensation” and “to the full extent of his loss.” La. Const. Art. 1, § 4(B)(1) and (5). Attorney fees have traditionally been regarded as being distinct from the compensation due to the landowner. Rivet v. State, Department of Transportation & Development, 2001-0961 (La.11/28/01), 800 So.2d 777.
An award of attorney fees in expropriation cases is largely within the trial court’s discretion, and a reviewing court will not disturb such an award absent an abuse of that discretion. Acadian Gas Pipeline System v. Bourgeois, 04-578 (La.App. 5th Cir.11/30/04), 890 So.2d 634, writ denied, 2004-3203 (La.3/11/05), 896 So.2d 69. See also State, Department of Transportation and Development v. Williamson, supra; Valley Electric Membership Corporation, Inc. v. Wallace, 465 So.2d 986 (La.App. 3d Cir.1985); City of Lafayette v. Delhomme, 401 So.2d 1044 (La.App. 3d Cir.1981). However, in cases where the amount finally awarded for the value of the property for the taking is substantially higher than the amount offered by the authority initiating the taking, attorney fees should be paid. City of New Orleans v. Condon, 600 So.2d 78 (La.App. 4th Cir.1992), writ denied, 605 So.2d 1130 (La.1992).
The trial court’s discretion is great and will not be disturbed in the absence of a clear abuse of that discretion. City of Baton Rouge/Parish of East Baton Rouge v. Broussard, 2002-0166 (La.App. 1st Cir.12/31/02), 834 So.2d 665, writ denied, 2003-0652 (La.5/30/03), 845 So.2d 1056.
Although the trial court is vested with discretion in deciding whether or not to award attorney fees, this discretion is not limitless. City of Shreveport v. Pupillo, 390 So.2d 941 (La.App. 2d Cir.1980), writ denied, 396 So.2d 921 (La.1981).
DISCUSSION
In support of its argument that the defendant is not entitled to attorney fees, the State cites Shell Pipe Line Corpora *426 tion v. Sarver, supra, and Faustina Pipe Line Company v. Bernard, 458 So.2d 981 (La.App. 3d Cir.1984), writ denied, 462 So.2d 1249 (La.1985). In the Sarver case, the trial court denied the defendant’s request for attorney fees under La. R.S. 19:8 because in its opinion, “immediately prior to trial,” an offer of $45,000 was | r,made to him. Since the jury awarded only $30,191.26, the trial court found that the defendant was not eligible to receive attorney fees. The court also found that the offer of $45,000 was reasonable. The appellate court affirmed. In Bernard, supra, the trial court found the defendants were entitled to compensation of more than $5,000. Because the plaintiff offered them only $2,689 prior to trial, the trial court awarded attorney fees to the defendants under La. R.S. 19:8. On appeal, the third circuit reduced the compensation award to $2,544.75, a sum less than the amount offered before trial. As a result, the appellate court found that attorney fees could not be awarded. Apparently, ambiguity of the offers made prior to trial was not an issue in either of these cases.
In the instant case, the trial court found that the State’s offer of $508,000 was ambiguous. It was made in response to the defendant’s offer to settle for $800,000 “plus all court costs and attorney fees.” After a thoughtful and well-reasoned analysis, the court concluded that it was not clear whether or not the State’s offer included court costs and attorney fees. The court noted the landowner’s understandable concerns about the expenses and costs of litigation already incurred due to the involuntary expropriation of its property. The court stated that “such a vague offer did not provide the landowner with a clear baseline to evaluate the risks of continued litigation.” Therefore, it found that the offer was invalid and unenforceable. As such, it could not be considered to be the State’s highest offer.
|7We agree with the trial court. In the limited context of the e-mail exchange between the parties’ attorneys, the State’s offer of $508,000 was far from clear. Under the terms of La. R.S. 19:8, the pertinent inquiry is the “highest amount [the plaintiff] offered the defendant for the property prior to trial on the merits” (emphasis ours). In Louisiana Resources Co. v. Greene, 406 So.2d 1360 (La.App. 3d Cir.1981), writ denied, 412 So.2d 84 (La.1982), the third circuit found that La. R.S. 19:8 required the making of “an unqualified specific offer.” (There, a joint offer to two landowners failed to meet that requirement.) Ordinarily the statement by counsel for the expropriating authority could perhaps be construed as that party suggests — a straightforward offer of only $508,000 with nothing more. However, given the introduction of the issues of attorney fees and court costs into the discussion between the attorneys, we find that the offer lacks the necessary clarity to be considered an “unqualified specific offer” for the property itself.[2] Also, like the trial court, we cannot ignore the facts that the defendant was compelled into litigation and forced to engage the services of legal counsel in order to obtain just compensation for the taking of its property. Only on the very eve of trial, almost two years after the filing of suit, did the State attempt to negotiate a fair offer. Under these circumstances, it was incumbent upon the State to make a clear and *427 1 ^unambiguous offer for the property itself. Only such an offer could be construed as the plaintiffs highest offer under La. R.S. 19:8(A).
Our review of the record reveals no abuse of the trial court’s great discretion. Accordingly, we affirm.
CONCLUSION
The judgment of the trial court is affirmed.
Costs of this appeal are not assessed. See La. R.S. 13:4521.
AFFIRMED.
SEXTON, J., (Pro Tempore), dissents with reasons.

. The identical language is found in La. R.S. 19:109(A), which pertains to expropriation by municipal corporations.

. The defendant could have reasonably believed that the $508,000 offer contained amounts for expert fees, costs of court, and attorney fees. Subtracting the amount of expert fees ($29,925), costs of court ($8,250), and attorney fees ($25,308) actually awarded, the offer could have reasonably been interpreted to only offer $444,517 for the value of the property. This offer, therefore, would have been less than the $460,000 awarded.