393 So.2d 424 (1980)
CITY OF LAFAYETTE, Louisiana, Plaintiff-Appellee,
v.
Wilton Robert CASON et al., Defendant-Appellant.
No. 7959.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
Rehearing Denied February 9, 1981.
*425 William E. Logan, Jr., Lafayette, for defendant-appellant.
Allen R. Ingram, Lafayette, for plaintiffappellee.
Before FORET, SWIFT and LABORDE, JJ.
SWIFT, Judge.
The City of Lafayette instituted this expropriation proceeding against Wilton R. Cason, the landowner, and his lessee, C & B Sales and Service, Inc., to widen and improve Guilbeau Road. It involves the taking of a strip of land across the front of Cason's property on the north side of Gilbeau approximately 18 feet wide containing 3,607 square feet. It was stipulated that the market value of the land was $3.70 a square foot. Following the trial and a demonstration of the ingress, egress and maneuvering of large trucks on the premises, the trial judge awarded $16,843.00 for the property taken (which included some minor improvements) and $58,969.00 for severance damages or a total of $75,812.00. In addition, the defendants were awarded $9,000.00 for attorneys' fees.
Only Mr. Cason has appealed, seeking an increase in the award and some miscellaneous costs. The city answered the appeal contending that the award is excessive.
The defendant Cason assigns as error the failure of the trial court to award any amount for the cost of moving all or part of the business operation being conducted on the premises and the loss of business to be incurred as a result of the relocation. He contends that the C & B Sales and Service, Inc., an oilfield sales, rental and service business of which Mr. Cason apparently is the managing officer and principal stockholder, can no longer operate on the property after the taking because the decrease in area would prevent large trucks from loading *426 and unloading heavy equipment thereon and also would eliminate necessary parking and storage spaces.
The defendant's position is supported by the testimony of two qualified real estate appraisers. Both agreed that to continue the business operation on the site one of the metal buildings would have to be removed and relocated on available land in an industrial park which could be acquired for $2.00 per square foot. However, they differed as to just which one of the two large buildings should be moved. Their estimates of just compensation were as follows:

 Jessie Preston
Compensation Guidry Babineaux
Land & improvements
taken: $ 15,317.00 $ 16,843.00
Severance damages: 50,046.00 58,969.00
Relocation costs: 87,546.00 106,860.00
 __________ ___________
ROUNDED
TOTALS $153,000.00 $182,700.00

On the other hand, two qualified appraisers for the city were of the opinion that there was no diminution in value of the property by reason of the proximity of the new right of way line to the buildings and no severance damages were sustained. Neither considered any possible business loss as they did not believe this was in the realm of a real estate appraiser. Their evaluations of the land and improvements taken were:

Gene Cope $14,439.90
Maurice Chappuis $14,558.90

In making the award the trial judge said:
"The Court relied heavily on the testimony of Mr. Preston J. Babineaux in arriving at the proper compensation for the defendant. No relocation damages were awarded as the evidence did not support a finding that the property in question was both unique in nature and location and also indispensable to the conduct of the landowners' business operations on the site from which a part was taken."
At the outset we note that no appeal has been taken by C & B Sales and Service, Inc. Although Mr. Cason may be the principal or even the sole owner of the stock in that corporation, any economic loss to be sustained through relocation of such business appears to us to be loss or damage sustained by the corporation. The landowner's damages must necessarily be confined to the value of property taken and severance damages or a decrease in the value of the remaining land and improvements that may result from the taking. Consequently, we do not believe that the award to Mr. Cason can be increased on this appeal to include a loss sustained by the corporation even if such was proved since the corporate defendant did not appeal.
Be that as it may, we have reviewed the record carefully and we agree with the trial judge's finding that the subject property was not unique in nature or location or indispensable to operation of the business being conducted on the site. These appear to be necessary elements of a relocation award. State Through Dept. of Highways v. Constant, 369 So.2d 699 (La.1979). The judge viewed the property as well as demonstrations of large trucks being maneuvered thereon in making this finding of fact. We, of course, are precluded from a contrary holding on this factual issue in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Our conclusion therefore is that no such business damage was established.
We must also reject the city's contention that severance damages were erroneously included in the award.
As stated by our supreme court in State, Dept. of Hwys. v. Denham Springs Dev. Co., Inc., 307 So.2d 304 (La.1975), severance damages are usually calculated as the difference between the market value of the whole property before and such value of the remainder after the taking and the burden of proving same by a preponderance of the evidence rests upon the landowner. They can be established by expert opinion, corroborated by the facts in the record, especially where accepted by the trier of fact.
In this case the trial judge stated that he relied heavily on the testimony of appraiser Babineaux in arriving at the proper compensation. Mr. Babineaux's *427 opinion as to the reduced value of the remainder was based on the loss of utility resulting from the effect of the taking on the ingress, egress and maneuvering of large trucks and also on the decreased parking and storage space on the property. Again, this involves questions of fact which have been determined by the trial judge based on his evaluation of the testimony of the witnesses as well as an observation of the premises and demonstrations of truck movements thereon. While we must admit that we have some doubt in this connection, we are unable to say that the trier of fact was clearly wrong in concluding that the value of the remaining property was reduced by the amount of the severance damages he awarded.
The defendants are entitled to have the following additional costs taxed as such:

E. M. LeBlanc, Jr., C.P.A. $750.00
Douglas McGee & Associates, Surveyors 392.50
Tic Vincent, relocation estimate 150.00
Younger Transportationtruck demonstration 131.61

For the foregoing reasons, the judgment of the district court is amended to tax as court costs the items listed hereinabove amounting to $1,424.11, but otherwise it is affirmed. The costs of this appeal in the sum of $25.00 are assessed to the plaintiffappellee.
AFFIRMED AS AMENDED.