398 So.2d 27 (1981)
PARISH OF JEFFERSON
v.
MARSH INVESTMENT CORPORATION.
No. 11639.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1981.
Rehearing Denied May 15, 1981.
Writ Denied July 2, 1981.
Ferdinand M. Lob, Henry G. Sullivan, Asst. Parish Attys., Gretna, Charles M. Lanier, Danny G. Shaw, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for plaintiff-appellant and appellee.
Russell J. Schonekas, New Orleans, David L. Levy, Metairie, for defendant-appellee and appellant.
Before SAMUEL, REDMANN and BOUTALL, JJ.
*28 REDMANN, Judge.
The Parish of Jefferson sued to expropriate 78.6 acres of undeveloped rural property owned by Marsh Investment Corporation and leased to Jefferson Disposal Corporation for use in disposing of the Parish's garbage. The Parish has been dumping sewage sludge on the property since constructing several sludge ponds on it in the early 1970's, though the Parish had no entitlement under Disposal's lease (or otherwise) to do so. The trial court refused expropriation for the 78.6 acres, but ruled that under the St. Julien doctrine the Parish had acquired a servitude on the 13 acres actually used for sludge and that Marsh's claim for compensation for those 13 acres had prescribed. Both parties appeal. We reverse, granting expropriation.
Jefferson Parish, as a political subdivision of the State of Louisiana, has the power to expropriate needed property for public purposes, after paying just compensation to the owners. La. R.S. 19:2(1). Construction of sewage treatment facilities is a public purpose. While an attempt to purchase needed property must precede expropriation, Louisiana Power & Light Co. v. Lasseigne, 1970, 256 La. 919, 240 So.2d 707, vain and useless further bargaining is not required, City of Shreveport v. Kansas City S. & G. Ry. Co., 1936, 184 La. 473, 166 So. 471. The record shows no agreement could have been reached in this case.
The serious issue is whether the property is necessary. However, the extent and location of the property to be expropriated are within the expropriating authority's sound discretion, the good faith exercise of which the courts may not disturb. Parish of Iberia v. Cook, 1959, 283 La. 697, 116 So.2d 491.
The trial judge, denied the Parish's petition because the Parish purchased the nearby Kelven tract during the pendency of this suit. That tract could serve for the proposed treatment plant. The Parish wishes, however, to use the Kelven tract for sanitary landfill and to construct the treatment plant on the Marsh tract. The present treatment by dumping sludge into permeable ponds must stop because of Louisiana Department of Health and Human Resources and federal Environmental Protection Agency requirements. The ponds must be cleaned up, and the site will remain environmentally foul for some time. A different site for the treatment plant would similarly become fouled. We cannot say that a plan which will not create an additional environmental problem constitutes a bad faith exercise of the expropriating agency's discretion.
Defendant also argues bad faith is shown by the Parish's several amendments to its petition, which all reduced the amount of land sought. Defendant would infer that the Parish sought to take all its land, far in excess of need, as a punitive act against defendant. The evidence is, however, that original petitions were drawn by the Parish Attorney's office before consultation with Parish engineers, and the final petition does represent an effort to expropriate only the land necessary. While this may question efficiency, it does not show bad faith.
As the Parish intends to construct permanent works to use indefinitely, it may expropriate the full ownership and may not be limited to a servitude, Greater Baton Rouge Port Comm. v. Watson, 1953, 224 La. 136, 68 So.2d 901.
We therefore need not consider the trial court's finding of a servitude under the "St. Julien doctrine" or application of the special two-year prescriptive period of R.S. 19:2.1B. See, however, Lake, Inc. v. Louisiana Power & Light Co., La.1976, 330 So.2d 914, overruling in part St. Julien v. Morgan's La. R.R. & S.S. Co., 1887, 38 La.Ann. 1062, and La.R.S. 19:14, added by Acts 1976 No. 504 § 1.
In respect to proper compensation, our evaluation of the expert testimony leads us to adopt the value of $195,000 (approximately $2,500 an acre) plus $3,335 severance damages, all as testified by appraiser Eason. Eason was one of two appraisers presented by the Parish, and his figures *29 were higher than the other's. Total compensation should therefore be $198,335, but an offset exists.
During the negotiations and trial of this expropriation, Parish and Marsh made two contracts. The first, dated March 28, 1979, allowed Parish to dump sludge for six months for $30,000 a month to be credited against either trespass damages awarded in a pending federal court suit or against expropriation compensation in this suit. We therefore allow a credit of $180,000 on account of this first contract.
The second contract, in June 1979, increased the dumping price to $4,000 a day with no credit against judicial awards. This last contract ran for 58 days, and Parish paid $232,000 on it. (Thereafter Parish obtained the first of a series of preliminary injunctions forbidding Marsh's interference with Parish's dumping.) The contracts had been made, the Parish argues, because Marsh threatened to prevent further dumping by using armed guards against the Parish, and because not dumping would have caused health problems in Jefferson.
The Parish now attacks the contracts as void because consent was given under duress. But it is not every degree of violence or threat that will void a contract, C.C.1851, and the threat by Marsh could hardly affect the Parish, with the force available to it by way of the injunction it finally sought and obtained. We therefore cannot find this second contract void, and we therefore allow the Parish a credit of only $180,000 against the compensation awarded.
The judgments appealed from are reversed, and there is now judgment decreeing expropriated to the Parish the following:
A certain piece or portion of ground situated in the State of Louisiana, Parish of Jefferson, and being a portion of Section 4, Township 13 South, Range 22 East, and more fully described as follows:
Commence at a railroad rail marking the intersection of the northerly right of way line of U.S. Highway 90 and the line common to Sections 30 and 38, T13S, R22E. Measure thence N 86°37'20" W along the northerly right of way line of U.S. Highway 90 a distance of 544.71 feet to a point on the easterly right of way line of South Kenner Avenue a distance of 6,080.06 feet to the point of beginning. Thence from the point of beginning continue N 3°20'40" E along the easterly right of way line of South Kenner Avenue a distance of 1155.87 feet to a point; thence in a northerly direction, along the arc of a curve to the right having a radius of 5699.58 feet, along said right of way line, a distance of 1264.70 feet to a point; thence S 64°08'20" E a distance of 1850.23 feet to a point; thence S 25°51'40" W a distance of 2280.00 feet to a point; thence N 64°08'20" W a distance of 1056.31 feet to the point of beginning, said parcel containing 78.598 acres, more or less.
and there is further judgment against the Parish of Jefferson and in favor of Marsh for $198,335 less a credit of $180,000 for a net of $18,335 with interest from date of judgment until paid and all costs.