413 So.2d 348 (1982)
CITY OF LAFAYETTE, Louisiana, Plaintiff-Appellee,
v.
DELHOMME FUNERAL HOME, INC., Defendant-Appellant.
No. 8759.
Court of Appeal of Louisiana, Third Circuit.
April 14, 1982.
*349 Davidson, Meaux, Sonnier & Roy, J. J. Davidson, III, Lafayette, for defendant-appellant.
J. M. Wooderson, Lafayette, for plaintiff-appellee.
Before DOMENGEAUX, FORET and LABORDE, JJ.
FORET, Judge.
The City of Lafayette (Plaintiff) brought this action to expropriate certain property owned by defendant, Delhomme Funeral Home, Inc., after defendant refused to sell the property to it. The trial court rendered judgment in favor of plaintiff, and we affirm.
Defendant appeals and raises the following issues:
(1) Whether plaintiff has carried its burden of proving that the expropriation was necessary for the public interest, and
(2) Whether plaintiff had acted reasonably in deciding to expropriate defendant's property.

FACTS
There is no serious dispute regarding the facts of this case. Plaintiff sought to acquire a portion of defendant's property, located on the east side of Moss Street, to widen and improve the intersection of that street with the Willow Street-East Pine Street connection. The improvement consists of the addition of a left-turn lane on Moss Street to the north and south of the intersection and will require the taking of approximately twelve feet of defendant's property fronting on Moss Street. The project is designated as Arterial Street Paving Project A-10-73, and plaintiff has declared it to be a public necessity[1].
*350 Plaintiff instituted this action on July 14, 1980, alleging: that defendant is the owner of two parcels of land, the acquisition of which is necessary to provide sufficient right-of-way to carry out the above mentioned project; that it has conducted good faith bona fide negotiations with defendant in an attempt to acquire these parcels; that despite these good faith negotiations and the tender of the true value of the parcels to defendant, it has been unable to effect an amicable purchase of the property; and, that because of defendant's actions, it is now necessary and proper that the property be expropriated by judgment of the trial court. Plaintiff filed a notice of lis pendens covering the parcels to be expropriated in the public records of Lafayette Parish.
By stipulation of the parties, the only issue before the trial court and on appeal is whether plaintiff had a right to expropriate the property in question.

NECESSITY OF EXPROPRIATION FOR THE PUBLIC INTEREST
Defendant contends that the trial court committed manifest error[2] in finding that plaintiff had proved that the expropriation of its property was necessary for the public interest. Defendant argues that there was no evidence presented to the trial court to support such a finding.
Plaintiff, a municipal corporation, relies on the power given it by the state legislature in LSA-R.S. 19:102 in attempting to expropriate defendant's property. LSA-R.S. 19:102 provides, in pertinent part:
"§ 102. Expropriation by municipal corporations
Where a price cannot be agreed upon with the owner, any municipal corporation of Louisiana may expropriate property whenever such a course is determined to be necessary for the public interest by the governing authority of the municipality; provided, however, in case of the acquisition of any electric light, gas or waterworks property or plant, or of any railroad property, such determination shall not be conclusive as to whether the purpose of the taking is necessary, which, if contested, is a judicial question to be decided independently by the trial judge." (emphasis provided.)
It is our opinion that LSA-R.S. 19:102 precludes judicial review of the issue of whether an expropriation of property by a municipal corporation is necessary for the public interest, whenever that determination has been made by the governing authority of the municipality, subject to the exceptions, made in LSA-R.S. 19:102, to the effect that when a municipal corporation seeks to expropriate certain types of property, then its determination as to the necessity of the expropriation for the public interest shall not be conclusive, and, if contested, is subject to judicial review.[3]
In the present action, plaintiff's governing authority has made a determination that the expropriation of defendant's property is necessary for the public interest. Inasmuch as the purpose for expropriation does not fall within its exceptions, LSA-R.S. 19:102 precludes us from reviewing that determination in the absence of unreasonableness, arbitrariness, etc.

PLAINTIFF'S SELECTION OF DEFENDANT'S PROPERTY FOR EXPROPRIATION
Defendant contends that the trial court committed manifest error in finding that plaintiff's selection of its property for expropriation was not arbitrary, capricious, or made in bad faith, or that the decision *351 constituted an abuse of plaintiff's discretion. Essentially, defendant argues that plaintiff made its decision on the basis of inadequate economic and feasibility studies, and/or that plaintiff did not consider an alternate route or location, i.e., across the street from defendant's property.
Generally, in expropriation proceedings, the selection of the route or location of the property to be expropriated made by the expropriating authority, whether such authority is a public or private entity, will not be disturbed unless such authority has abused its discretion, acted in bad faith, or acted arbitrarily or unreasonably. Louisiana Power & Light Company v. Caldwell, 353 So.2d 1343 (La.App. 1 Cir. 1977), writ denied, 354 So.2d 1045 (La.1978); City of New Orleans v. Kreher, 327 So.2d 551 (La. App. 4 Cir. 1975); Parish of Jefferson v. Marsh Investment Corp., 398 So.2d 27 (La. App. 4 Cir. 1981), writ denied, 401 So.2d 994 (La.1981); Evangeline Parish Police Jury v. Deville, 247 So.2d 258 (La.App. 3 Cir. 1971).
Charles T. Mader (Mader) testified that he was a civil engineer associated with the engineering consulting firm of Sellers, Dubroc, and Associates (Sellers). Sellers was the firm which designed the left-turn lane for plaintiff, and Mader was the chief engineer who supervised the design. Mader stated that Sellers recommended to plaintiff that all of the property needed for the construction of the left-turn lane be taken from the east side of Moss Street, where defendant's property is located. This recommendation was made because a taking of property on the west side of Moss Street would have necessitated the complete relocation of a service station and would have been more costly. Mader was asked if any consideration had been given to taking six feet from each side of Moss Street to make up the total of twelve feet needed for the lane. He replied that no consideration was given to that alternative because it would have necessitated the involvement of more property owners, which would have caused a corresponding increase in the cost of the project. Mader also noted that most of the utilities are located on the west side of Moss Street and that these might have to be relocated, if property were taken from that side and that no relocation of any business would be necessitated by a taking of property on the east side.
Also testifying on behalf of plaintiff was Tony Tramel, the city traffic engineer for the City of Lafayette. He testified that the intersection had become problematical, and that he had field observations of the intersection in question conducted more than twelve times in the last three or four years; that he had personally spent twenty to thirty hours working on the problems at that intersection; that his staff had spent approximately forty-five man hours studying this one intersection. He further testified that the lack of a left-turn lane increases delays, increases accidents, increases gas consumption for the motoring public, and generally makes the intersection more inconvenient for the motoring public.
Defendant relies greatly on the testimony of an expert witness in traffic engineering, one Duaine T. Evans, who was tendered as an expert by the City and was accepted as such by defendant. It is interesting to note, however, that although the City called Evans to testify, that he was actually employed by the defendant, and further that defendant repeatedly objected to the City's questioning Evans on direct examination. Be that as it may, it is obvious that the trial court placed more reliance on the testimony of Mader and Tramel, over the testimony of Evans, in its finding that the City has not acted unreasonably, arbitrarily, or capriciously in proceeding to expropriate defendant's property.
Our review of the record establishes that the trial court's finding is not clearly wrong.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.
NOTES
[1] See Resolution R-2024 of the City of Lafayette recorded at Act No. 79-031102 of the Public Records of Lafayette Parish.
[2] The principle of appellate review to the effect that an appellate court should not alter a trial court's finding of fact in the absence of manifest or clear error is applicable in expropriation matters. State, Dept. of Transp. & Development v. Boyce Gin Cooperative, Inc., 397 So.2d 1087 (La.App. 3 Cir. 1981); City of Lafayette v. Cason, 393 So.2d 424 (La.App. 3 Cir. 1980); State, Dept. of Transp. & Development v. Van Willett, 386 So.2d 1023 (La.App. 3 Cir. 1980), writ denied, 392 So.2d 692 (La.1980).
[3] Of course, LSA-R.S. 19:102 does not preclude judicial review of the issue of whether an expropriation is being made for public purposes as required by LSA-Const. Article 1, § 4.