SAVOIE, Judge.
This is an expropriation suit filed by the City of Thibodaux for property needed in connection with the construction of a bridge across Bayou Lafourche. Appellants, Dr. Billy W. Hillman, Dr. Paul T. Ray, Mr. Louis Braud, and their spouses, own in indivisión a batture tract of land on Bayou Lafourche situated directly across from Audubon Street. A portion of this tract was expropriated by the City for the construction of a bridge which would extend Audubon Street across the bayou to connect with Highway 308. Appellants appeal the judgment granting the expropriation.
The Lafourche Parish Council and the City entered into an agreement for the proposed construction of the bridge as authorized by La.R.S. 48:834. The right to construct such bridges and to expropriate needed property is granted to parishes and municipalities by La.R.S. 48:831 and La. R.S. 48:833. Pursuant to the agreement, *372 the City was to secure the necessary rights of way for construction of the bridge and to provide excess funding.
The Mayor and his assistant met with Dr. Hillman, Dr. Ray and Mr. Braud for the purpose of acquiring the property. Initially, the Mayor asked that the property be donated to the City. This request was rejected by the landowners who also indicated that they did not wish to sell the property.
When the parties were unable to reach an agreement regarding transfer of the property, the City filed a petition for expropriation pursuant to La.R.S. 19:103. After trial of the matter, the trial court ruled that the property be expropriated. Appellants appeal that judgment.
ASSIGNMENTS OF ERROR
On appeal, appellants allege that the trial court erred in:
1. rendering the judgment of expropriation because the City failed to offer a price as required by La.R.S. 19:102;
2. rendering the judgment of expropriation because the City acted arbitrarily, capriciously and in bad faith in determining the taking was necessary;
3. not permitting the landowners to introduce evidence of the arbitrary, capricious and bad faith nature of the expropriation by the City; and
4. allowing the City to introduce inadmissible hearsay evidence without which the record reveals the actions of the City were clearly arbitrary, capricious and in bad faith.
I.
Appellants contend the City failed to offer the landowners a price for the property as required by La.R.S. 19:102. Thus, they contend that the expropriation should not be allowed.
La.R.S. 19:102 provides, in pertinent part:
“Where a price cannot be agreed upon with the owner any municipal corporation of Louisiana may expropriate property ...”
This statute requires that there must be good faith negotiation to acquire the property by agreement before the filing of an expropriation suit. Louisiana Power and Light Company v. Ristroph, 200 So.2d 14 (La.App. 1st Cir.1967). The failure to negotiate with the landowners prior to institution of an expropriation suit subjects the suit to dismissal for prematurity. Dixie Pipeline Company v. Barry, 227 So.2d 1 (La.App. 3rd Cir.1969), writ refused, 255 La. 145, 229 So.2d 731 (La.1970). This issue of prematurity is properly raised as a dilatory exception which, if not timely filed, is waived. La.C.C.P. art. 926. Where no such exception is timely filed, however, the only penalty imposed for failure to so negotiate consists in the expropriating authority being cast for costs. See La.C.C. art. 2638; Central Louisiana Electric Company v. Covington & St. Tammany L. & I. Company, 131 So.2d 369 (La.App. 1st Cir.1961). In the case at bar, the issue of costs is rendered moot because appellee was cast for costs.
At trial, three people testified regarding whether the City offered to buy the property and, if so, whether a price was offered. The Mayor stated he offered to buy the property, but did not remember offering a price. Dr. Hillman testified that no price was offered although he felt the Mayor would attempt to purchase the tract if it was not donated. When questioned by the trial court, Hillman stated he was not interested in having the bridge constructed at that site and did not intend to sell it. Finally, Mr. Cleveland Clement, assistant to the Mayor, testified that an offer was made to purchase the property for $18,000.00.
The trial judge, as stated in his reasons for judgment, accepted Mr. Clement’s testimony, finding it to be consistent with the time the appraisal was made. The trial judge had reasonable factual bases for his decision. In the absence of manifest error, the trial court’s findings of fact will not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
*373 The landowners did not intend to voluntarily convey their property either by donation or sale as clearly evidenced by Dr. Hillman’s testimony. “While an attempt to purchase needed property must precede expropriation ... vain and useless further bargaining is not required ...” [Citations omitted]. Parish of Jefferson v. Marsh Investment Corporation, 398 So.2d 27, 28 (La.App. 4th Cir.1981), writ denied, 401 So.2d 994 (La.1981). This assignment of error is without merit.
II, III, AND IV
Appellants allege that the City’s actions were arbitrary, capricious and in bad faith and that the trial court prohibited them from introducing evidence of the City’s actions while allowing the City to introduce inadmissible hearsay evidence. Essentially, appellants argue that all requisite permits were not obtained prior to acquisition of the property by expropriation; that funds for the entire project had not been appropriated before acquisition of the property; that the proposed project had much opposition; and that no public hearing was conducted before the decision was made to construct the bridge.
The governing authority of the City has made a determination that the expropriation of appellants’ property is necessary for the public interest. La.R.S. 19:102 precludes judicial review of the issue of whether an expropriation of property by a municipal corporation is necessary for the public interest whenever that determination has been made by the governing authority of the municipality. City of Lafayette v. Delhomme Funeral Home, 413 So.2d 348 (La.App. 3rd Cir.1982).
The property clearly was taken for a public purpose because it was expropriated for the construction of a highway bridge. Appellants have a heavy burden of proving that the City acted arbitrarily in determining that it was necessary to expropriate the property. State, Through Department of Highways v. Olinkraft, 350 So.2d 865 (La.1977), cert. denied, 435 U.S. 924, 98 S.Ct. 1489, 55 L.Ed.2d 518 (1978).
Appellants do not deny the proposed bridge would provide public benefit, but rather contend the public would benefit more if the bridge would be constructed at another location. The question is not whether the City made the best choice in selecting the location for the bridge, but whether the bridge is necessary for the public interest. Appellants, by their “better location” argument, concede the bridge is necessary. Therefore, the expropriation decision will not be disturbed unless the City acted in bad faith or acted arbitrarily or capriciously in making the determination.
Councilman Roland Soignet testified that the governing authority considered a comprehensive plan for Thibodaux Regional Planning Area which study had been made in 1972 and a Road, Street and Bridges Improvement Report for the City of Thibodaux dated 1979, both of which listed a bridge at the Audubon Street crossing. Further, Soignet testified that the ultimate aim was to create a couplet in the Thibodaux area involving the connection of Highway 1 and Highway 308 on either side of Bayou Lafourche when sufficient bridges have been built across Bayou La-fourche. Included as one of the “sufficient bridges” is the proposed bridge at Audubon Street. Councilman Soignet’s testimony rebuts appellants’ allegations of bad faith, arbitrariness and caprieiousness.
Appellants contend the evidence introduced by the City, which consisted of a letter from the Coast Guard and two project planning reports, was inadmissible hearsay. At trial, the former City Clerk identified the exhibits as being official City records during the time he held office from 1978 to 1982. La.R.S. 13:3711 provides that copies of any records of any municipality of this state when certified as being true copies by the official custodian of the records, shall be admitted in evidence in all courts of this state equally with the originals of such records. The former clerk was not the official custodian of the records at the time of trial; therefore, he *374 could not certify the copies. However, the existence of these records may be proven like any other fact. See Merchant v. Fuselier, 365 So.2d 852 (La.App. 3rd Cir.1978). Therefore, the former clerk could testify that the records were official records while he was the official custodian. The trial court could accept this testimony on the basis of its credibility. Thus, the records could be admitted as part of the testimony of the former clerk.
The documents and related testimony were introduced by the City for the sole purpose of refuting the charge of arbitrariness, capriciousness and bad faith. We find the evidence and testimony was admissible for the limited purpose to show the basis for the City’s action in this case. See Stevens Concrete Pipe and Products, Inc. v. Burgess, 202 So.2d 498 (La.App. 1st Cir.1967), affirmed 252 La. 136, 209 So.2d 733 (La.1968).
Appellants failed to prove the City acted capriciously, arbitrarily and in bad faith in determining that the proposed bridge is necessary. Expropriation of the property is necessary for the public interest. Accordingly, the judgment of the trial court is affirmed. Costs are to be borne by appellants.
AFFIRMED.