bSAUNDERS, Judge.
The Town of Jonesville filed an expropriation proceeding concerning an abandoned railroad right-of-way running adjacent to the community’s industrial park. Defendants-appellants were among those against whom the proceedings were filed. The appellants filed an exception of prematurity alleging that the Town of Jonesville had not entered into bona fide negotiations to purchase the property before instituting suit. The trial court denied these exceptions, prompting this court to reverse the trial lacourt and dismiss the expropriation proceedings. Town of Jonesville v. Griffing, et al, 94-376 (La.App. 3 Cir. 1/10/95).[1]
Subsequently, defendants-appellants filed a rule in the trial court to have the Town of Jonesville assessed with all costs. The trial court agreed to do so, but refused to include among those costs the attorney’s fees incurred by defendants-appellants in the amount of $4,935.00. From this ruling, the Griffings have appealed. They maintain that La.R.S. 19:201, set forth below, explicitly entitles them to reimbursement of their legal expenses.
Sec. 201. Attorney fees; unsuccessful or abandoned expropriation suits
A court of Louisiana having jurisdiction of a proceeding instituted by the State of Louisiana, a parish, a municipality or an agency of any of them vested with the power of expropriation, to acquire real property by expropriation, shall award the owner of any right, or title to, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his reasonable attorney fees actually incurred because of the expropriation proceeding, if the final judgment is that the plaintiff cannot acquire the real property by expropriation or if the pro *739 ceeding is abandoned by the plaintiff. Any such award shall be paid from the same funds from which the purchase price of the property would have been paid.
The rights of the landowner herein fixed are in addition to any other rights he may have under the Constitution of Louisiana.
La.R.S. 19:201 (Emphasis added.)
Responding to defendants’ challenge, the Town of Jonesville cites jurisprudence standing for the proposition that trial courts are vested with much discretion in the awarding of statutory attorney’s fees in expropriation cases.[2]
|8We are persuaded by the merits of defendants’ argument. "When the wording of a section of the Revised Statute is clear and free of ambiguity, its letter shall not be disregarded under the pretext of pursuing its spirit. La.R.S. 1:4. The word “shall” is mandatory and the word “may” is permissive. La.R.S. 1:3.
By its clear and unambiguous terms, La.R.S. 19:201 is a mandatory provision insofar as it states that a court having jurisdiction over an expropriation proceeding “shall” award attorney’s fees when expropriation proceedings are dismissed or abandoned. The authority cited by the Town of Jonesville fails to convince us otherwise. To the contrary, of the cases cited by the Town of Jonesville, all except one awarded damages for attorney’s fees in expropriation proceedings; and the one which did not, State, Dept. of Transportation and Development v. Winn, 463 So.2d 648 (La.App. 4 Cir.1984), was a proceeding involving La.R.S. 48:453[3] in which the | ¿State was found to be innocent of negotiating in bad faith. The case did not concern a proceeding in which a political subdivision had abandoned its efforts to expropriate or was determined to be unable to acquire the property through expropriation.

CONCLUSION

Because the Town of Jonesville does not dispute the amount of fees to which defendants claim to be entitled and the record supports defendants’ contentions in this regard, the judgment of the trial court is reversed, and defendants are awarded attorney’s fees in the amount prayed for, $4,935.00. Plaintiff-appellee, Town of Jones-ville, is cast with all costs of these proceedings.
REVERSED AND RENDERED.

. Before bringing suit, an expropriating authori-1y must make a good faith attempt to acquire the property conventionally, through negotiation. Faustina Pipe Line Co. v. Levert-St. John, Inc., 463 So.2d 964 (La.App. 3 Cir.), writ denied, 466 So.2d 1301 (La.1985); Southwest Louisiana Elec-trie Membership Corp. v. Simon, 207 So.2d 546 (La.App. 3 Cir.1967), writ denied, 252 La. 104, 209 So.2d 37 (1968). The failure to do so subjects the suit for expropriation to dismissal for prematurity. City of Thibodaux v. Hillman, 464 So.2d 370 (La.App. 1 Cir.1985).

. The Town of Jonesville cites State, Dept, of Transportation and Development v. Williamson, 597 So.2d 439 (La.1992); State through Dept. of Transportation and Development v. The Estate of Davis, 572 So.2d 39 (La.1990); Red River Waterway Commission v. Fry, 628 So.2d 38 (La.App. 2 Cir.1993), writ denied, 633 So.2d 581 (La.1994); State, Department of Transportation and Development v. Dietrich, 598 So.2d 649 (La.App. 3 Cir.1992); State, Dept. of Transportation and Development v. Clark, 548 So.2d 365 (La.App. 2 Cir.), writ denied, 552 So.2d 395 (La.1989); State, Dept. of Transportation and Development v. Jacob, 491 So.2d 138 (La.App. 3 Cir.), writ denied, 496 So.2d 331 (La.1986); Valley Electric Membership Corp., Inc. v. Wallace, 465 So.2d 986 (La.App. 3 Cir.1985); State, Dept. of Transportation and Development v. Winn, 463 So.2d 648 (La.App. 4 Cir.1984).

. That provision states:
Sec. 453. Measure of compensation; burden of proof; extent of loss
A.The measure of compensation for the property expropriated is determined as of the time the estimated compensation was deposited into the registry of the court, without considering any change in value caused by the proposed improvement for which the property is taken.
B. The measure of damages, if any, to the defendant’s remaining property is determined on a basis of immediately before and immediately after the taking, taking into consideration the effects of the completion of the project in the manner proposed or planned.
C. The owner shall be compensated to "the full extent of his loss. The court shall include in its consideration the difference between the rate of interest of any existing mortgage on an owner-occupied residence and the prevailing rate of interest required to secure a mortgage on another owner-occupied residence of equal value.
D. The defendant shall present his evidence of value first.
E. Reasonable attorney fees may be awarded by the court if the amount of the compensation deposited in the registry of the court is less than the amount of compensation awarded in the judgment. Such attorney fees in no event shall exceed twenty-five percent of the difference between the award and the amount deposited in the registry of the court.