| .WHIPPLE, J.
In this expropriation matter, the Town of Walker appeals the judgment of the trial court, awarding defendants attorney’s fees and expenses in the amount of $65,575.52 and an expert witness fee of $450.00. For the following reasons, we amend and, as amended, affirm.
FACTS AND PROCEDURAL HISTORY
In connection with the construction of a Super Wal-Mart on adjacent property, the Town of Walker gave written notice to plaintiffs, Mary Stafford and Betty Marsh by letter dated September 10, 1999, that it wanted to acquire a drainage right of way across their properties, which were located on the east side of Walker South Road (Louisiana Highway 447). The intended drainage ditch was to be approximately forty feet in width.
On that same date, the Town of Walker filed a suit for declaratory judgment and injunctive relief, naming as defendants Marsh and Stafford and seeking a declaration that the actual roadway of Old Walker South Road and any associated drainage channels are owned by the Parish of Livingston and subject to public use or, al *351 ternatively, that an eighty-foot servitude exists along the stretch of roadway that authorizes the Town of Walker to construct and maintain a roadway and drainage channels. By judgment dated January -10, 2000, the trial court rejected the Town of Walker’s claim of ownership of the bed of the former Old Walker South Road through the properties of either Stafford or Marsh and declared that a public servitude of drain existed across the properties of Stafford and Marsh to the extent that it had previously existed, on either side of the existing blacktop that remained from the former bed of Old Walker South Road, but “no further.”
After the Town of Walker failed to receive all of the relief sought in its declaratory judgment suit, it again informed defendants by letter dated | ¡¡February 3, 2000, that it still planned to expropriate that portion of their property needed for drainage along the east side of Old Walker South Road. By letters dated May 18, 2000, the Town of Walker formally, offered Marsh and Stafford what it contended was fair compensation for the expropriation of portions of their property to effect drainage improvements. Thereafter, when ■ it learned through defense counsel that a portion of Stafford’s property had been previously transferred to her son, Lance Milton, the Town of Walker, by letters dated July 17, 2000, submitted an amended offer to Stafford and an offer to Milton for their respective interests.
Eventually, on August 4, 2000, the Town of Walker filed a petition for expropriation, naming as defendants Stafford, Marsh and Milton, and the matter was set for trial on November 2, 2000. Although not documented in the record on appeal, the parties do not dispute that shortly before trial, on Monday, October 30, 2000, the Town of Walker prepared a motion to dismiss its expropriation petition without prejudice and provided defendants with a copy of'its motion. Defendants responded by filing a motion to dismiss the suit with prejudice and to assess attorney’s fees and costs against -the Town of Walker, pursuant to LSA-R.S. 19:201.
Following a hearing on the motion, the trial court rendered judgment, dismissing the petition for expropriation without prejudice and casting the Town of Walker for attorney’s fees and expenses (including expert fees) in the amount of $59,552.05, and a separate expert witness fee of $450.00 for testimony at the hearing on the motion to assess attorney’s fees and court costs. In response to defendants’ motion for new trial, the court rendered an amended judgment dated May 16, 2001, increasing the amount of the attorney’s fee award to $65,575.52.
pFrom these judgments, the Town of Walker appeals, contending that the trial court erred in:
(1) awarding defendants attorney’s fees allegedly incurred from the filing of the prior declaratory judgment/injunction suit to February of 2000;
(2) awarding defendants attorney’s fees allegedly incurred from February of 2000 to the filing of the expropriation petition on August 4, 2000;
(3) awarding defendants court costs, litigation expenses and expert fees allegedly incurred in connection with the declaratory judgment/injunction suit;
(4) awarding defendants expert fees allegedly incurred in connection with the expropriation proceeding;
(5) awarding defendants attorney’s fees for work performed on October 28, 2000, the day immediately subsequent to the mediation;
*352 (6) awarding defendants attorney’s fees allegedly incurred subsequent to the filing of their motion for assessment of costs;
(7) awarding defendants attorney’s fees for services performed by their attorney’s staff;
(8) awarding defendants litigation expenses allegedly incurred in connection with the expropriation suit; and
(9) awarding defendants attorney’s fees allegedly incurred after the filing of the expropriation petition.
AWARD OF ATTORNEY’S FEES (Assignments of Error Nos. 1, 2, 5, 6, 7 & 9)
While the Town of Walker challenges many aspects of the attorney’s fee award herein, we first address its contention, asserted in assignment of error number two, that the trial court erred in awarding attorney’s fees [ ¡¡incurred prior to the actual filing of the petition for expropriation, and its contention that there is no statutory basis for such an award. The legislature has recognized that the filing and eventual dismissal of an expropriation suit can cause a monetary loss to the property owner in the form of attorney’s fees. St. Tammany Parish Hospital Service District No. 2 v. Schneider, 2000-0247, p. 8 (La.App. 1st Cir.5/11/01), 808 So.2d 576, 584. Accordingly, the legislature has mandated the award of attorney’s fees in certain unsuccessful or abandoned expropriation suits, pursuant to LSA-R.S. 19:201, which provides, as follows:
A court of Louisiana having jurisdiction of a proceeding instituted by the State of Louisiana, a parish, a municipality or an agency of any of them vested with the power of expropriation, to acquire real property by expropriation, shall award the owner of any right, or title to, or interest in such real property such sum as will, in the opinion of the court, reimburse such owner for his reasonable attorney fees actually incurred because of the expropriation proceeding, if the final judgment is that the plaintiff cannot acquire the real property by expropriation or if the proceeding is abandoned by the plaintiff. Any such award shall be paid from the same funds from which the purchase price of the property would have been paid.
The rights of the landowner herein fixed are in addition to any other rights he may have under the Constitution of Louisiana. (Emphasis added).
As noted by the trial court in its reasons for judgment, the term “expropriation proceeding” is not defined in the statute. The Town of Walker suggests that an expropriation proceedings commences only upon the filing of a petition for expropriation and, accordingly, that no attorney’s fees could be awarded prior to that time. However, we note, as did the trial court, that the process of expropriation by municipalities as set forth in LSA-R.S. 19:102 requires the municipality to first make good faith negotiations with the property owner prior to the filing of the actual petition for expropriation. City of Thibodaux v. Hillman, 464 So.2d 370, 372 (La.App. 1st Cir.1985); Coleman v. Chevron Pipe Line Company, 94-1773, p. 5 (La.App. 4th Cir.4/24/96), 673 So.2d 291, 296, writ denied, 96-1784 (La.11/1/96), 681 So.2d 1259; Town of Jonesville v. Griffing, 95-1365, p. 2 n. 1 (La.App. 3rd Cir.3/6/96), 670 So.2d 737, 738 n. 1, writ denied, 96-0825 (La.5/10/96), 672 So.2d 928.
As stated above, the Town of Walker first notified defendants in writing of its intent to expropriate a portion of their property by letter dated September 10, 1999. Shortly thereafter, on September 27, 1999, defendants hired counsel to represent them in the ensuing negotiations *353 and to defend against this expropriation matter. Given that the Town of Walker had unequivocally announced its intention to expropriate in September of 1999 and the requirement that the expropriating authority first enter into good faith negotiations prior to filing a petition for expropriation, we find no error in the trial court’s conclusion that defendants were entitled to recover attorney’s fees incurred in connection with this expropriation matter prior to the actual filing of the formal petition for expropriation. We agree with -the trial court’s analysis that it is reasonable for a landowner, when confronted with an announced intention to expropriate property, to consult with an attorney and to thus begin to incur legal expenses, which are directly related to the issue of expropriation, even if the actual suit for expropriation has not yet been filed. This assignment of error lacks merit.
In a related argument set forth in assignment of error number one, the Town of Walker asserts that the trial court erred in awarding defendants any attorney’s fees incurred prior to February of 2000, arguing that any fees prior to that date were incurred in connection with the declaratory judgment/injunction suit and were not related to the expropriation proceeding. The Town of Walker further notes that the judgment in the [ 7declaratory judgment/injunction suit specifically provided that the parties were to bear their own costs in connection with that action. Thus, it contends, the trial court erred in awarding defendants any attorney’s fees incurred prior to the resolution of the declaratory judgment/injunction suit.
As set forth above, on the same date that it gave defendants written notice of its intent to expropriate portions of their property, the Town of Walker also filed a petition for declaratory judgment and injunctive relief, seeking a declaration that the actual roadway of Old Walker South Road and any associated drainage channels were owned by the Parish of Livingston and subject to public use. • Alternatively, the Town of Walker sought a declaration that, an eighty-foot servitude existed along the stretch of roadway, which authorized the Town of Walker to construct and maintain a roadway and drainage channels. That suit was resolved by judgment dated January 10, 2000, wherein the trial court rejected the Town of Walker’s claim of ownership of the bed of the former Old Walker South Road traversing defendants’ properties.
In awarding defendants attorney’s fees incurred prior to February of 2000, the trial court found as a fact that there was “at least some ‘linkage’ between the prior declaratory judgment suit and the present expropriation proceeding,” noting that if the Town of Walker had been successful in its attempt to be declared owner of the old roadbed, the effect would have been to greatly minimize the amount it had to pay for expropriation. Thus, the trial court concluded that some of the attorney’s fees incurred prior to the resolution of the declaratory judgment/injunction suit were “fairly related” to the expropriation proceeding, given that there were “overlapping ... issues and purposes.” While noting that it was “somewhat difficult to ascribe various activities” to one suit or the other, based on its review of the time | ^sheets, the trial court concluded that one-third of the attorney’s fees billed through February of 2000 were attributable to the expropriation proceeding. Based upon our review of the record and the finding of the trial court of overlapping issues, we find no abuse of the trial court’s discretion in determining that defendants were entitled to this sum for services provided in connection with the expropriation proceeding pri- or to February of 2000. Clearly, these efforts by defense counsel were necessary *354 to fully protect his clients’ interests in the expropriation of their property. Accordingly, we find that this assignment of error also lacks merit.
In its ninth assignment of error, the Town of Walker further contends that defendants were not entitled to any award of attorney’s fees allegedly incurred after the filing of the expropriation proceeding, because defense counsel was representing defendants on a contingency fee basis. The attorney-client contract at issue provides, in pertinent part, as follows:
Clients agree to pay the sum of Two Hundred and No/100 ($200.00) Dollars per hour for services rendered by Attorney and the sum of Seventy-Five and No/100 ($75.00) Dollars per hour for Attorney’s associate and/or Fifty and No/ 100 ($50.00) Dollars per hour for Attorney’s paralegals, to the extent such individuals may more efficiently assist in the efforts to secure the objective of Clients.
[[Image here]]
In the alternative, in the event the Town of Walker or other parties are successful in the claim for expropriation of all or part of Clients’ properties, Attorney shall be paid the sum of one-third (1/3) of any sums recovered by way of agreement or judgment (after deducting expenses paid by Clients) with a credit for any fee previously paid including the retainer provided above and/or any attorney’s fee award by way of litigation.
Courts are bound to give legal effect to all contracts, according to the true intent of the parties, and the intent is to be determined by the words in the contract when they are clear and explicit and lead to no absurd consequences. LSA-C.C. arts.2045 and 2046; Spohrer v. Spohrer, 610 So.2d 849, 852 (La.App. 1st Cir.1992). By its clear words, the contract provides for payment of an hourly fee. The only contingency arrangement set forth was in the event the Town of Walker was successful in its efforts to expropriate the property, which did not occur herein. Additionally, while defense counsel acknowledged that he did not always send his clients bills on a monthly basis, he explained that he stopped sending the bills at a point when he became satisfied that the Town of Walker would eventually pay the charges. He further explained, however, that his clients understood that they were ultimately responsible for paying his fees.
Considering the clear and explicit language of the contract and the record as a whole, including defense counsel’s testimony, we find no error in the trial court’s obvious conclusion that the contract was not orally modified in any way to provide only for a contingency fee arrangement. This assignment of error also lacks merit.
In its fifth assignment of error, the Town of Walker challenges the trial court’s award of attorney’s fees incurred by defense counsel on October 28, 2000, the day following mediation in this matter. Specifically, the Town argues that defense counsel unnecessarily billed 4.40 hours for trial preparation on that day, when he was aware of the Town’s intent to dismiss this action. Thus, the Town of Walker contends that the trial court should not have awarded any sum for this work.
At trial, defense counsel testified that on the day of the mediation, Friday, October 27, 2000, the Town of Walker indicated its intent to dismiss its petition for expropriation. Thus, defense counsel requested that the mediator reduce the result of the mediation (ie., dismissal) to writing so that it would be enforceable. However, according to defense counsel’s testimony, the mediator indicated to him that the Town of Walker did not | inwant to do that, but that the Town of Walker would send defense *355 counsel a letter that Friday afternoon, indicating its intent to dismiss its petition. Defense counsel further explained that when the Town of Walker failed to send him a letter that Friday afternoon, clearly indicating an intent to dismiss, he was compelled to begin preparing for trial, which was scheduled for the following week.
Given that defense counsel had no confirmation at that point of the Town of Walker’s intent to dismiss and the impending trial date, we find no error in the trial court’s apparent finding that defense counsel’s efforts on this day were reasonable and were subject to reimbursement. This assignment of error also lacks merit.
In its sixth assignment of error, the Town of Walker contends that defendants were not entitled to reimbursement of attorney’s fees incurred subsequent to the filing of their motion for assessment of costs, averring that those fees could not have been “actually incurred because of the expropriation proceeding” as contemplated by LSA-R.S. 19:201. We disagree.
In State, Department of Transportation and Development v. Illinois Central Gulf Railroad Company, 464 So.2d 401, 404 (La.App. 1st Cir.1985), this court held that an appeal in an expropriation matter is clearly part of the expropriation proceeding and rendered an award for attorney’s fees incurred on appeal, pursuant to LSA-R.S. 19:201. Similarly, we conclude that defendants’ efforts below to recover attorney’s fees to which they are statutorily entitled due to the Town of Walker’s dismissal of its petition for expropriation, is likewise recoverable as part of the expropriation proceeding. Accordingly, we find no error in the trial court’s award of attorney’s fees incurred in connection with those efforts.
11 Finally, the Town of Walker’s remaining challenge to the attorney’s fee award, as set forth in assignment of error number seven, is that the trial court erred in including in the award any charges for services performed by paralegals on defense counsel’s staff. Our research reveals cases wherein attorney’s fee awards have considered and included charges for paralegal work performed on behalf of the attorney. See Vela v. Plaquemines Parish Government, 2000-2221, pp. 24-28 (La. App. 4th Cir.3/13/02), 811 So.2d 1263, 1279-1281, writs denied, 2002-1350, 2002-1224 (La.6/21/02), 819 So.2d 337, 343; Salsbury v. Salsbury, 27,062, pp. 5-6 (La.App. 2nd Cir.6/21/95), 658 So.2d 734, 738-739. As noted by David Robinson, an attorney accepted by the court as an expert in establishing the value of attorney’s fees, work performed by a paralegal should be considered part of the entire attorney’s fee to the extent that it is work that the attorney otherwise would have had to perform himself. Considering that this work was billed at one-fourth the rate that defense counsel reasonably billed for his own efforts and that this work would otherwise have had to be performed by defense counsel at the higher rate, we find no abuse of discretion in the trial court’s inclusion of these fees in the attorney’s fee award. This assignment of error also lacks merit.
AWARD OF EXPERT FEES, COURT COSTS AND LITIGATION EXPENSES (Assignments of Error Nos. 3, 4 & 8)
In assignments of error numbers four and eight, the Town of Walker contends that the trial court erred in awarding expert fees and litigation expenses incurred in connection with the expropriation proceeding, asserting that there is no statutory basis for these awards. Additionally, in its third assignment of error, the Town of Walker contends that *356 defendants are not entitled to reimbursement of court costs, litigation expenses or expert fees h {.incurred prior to the filing of the expropriation petition, contending that these expenses were incurred in connection with the declaratory judgment/injunction suit.
The only costs which can be taxed against a litigant are those specifically provided for by statute, a rule that has been recognized in expropriation cases. State Through Department of Highways v. Salemi, 249 La. 1078, 1083, 193 So.2d 252, 253 (1966); St. Tammany Parish Hospital Service District No. 2, 2000-0247 at p. 15, 808 So.2d at 588. Louisiana Code of Civil Procedure article 1920 authorizes a court to render judgment for costs against any party as it may consider equitable. Additionally, with respect to litigation expenses, we note that the Louisiana Supreme Court has held, in the context of workers’ compensation, that a statutorily-authorized award of attorney’s fees “is intended to provide full recovery, without statutory limitation, for attorney’s services and expenses in connection with the litigation.” McCarroll v. Airport Shuttle, Inc., 2000-1123, p. 10 (La.11/28/00), 773 So.2d 694, 700 (emphasis added); see also Langley v. Petro Star Corp. of La., 2001-0198, pp. 9-10 (La.6/29/01), 792 So.2d 721, 726.
Further, this court has previously allowed the recovery of costs and expenses in connection with an attorney’s fee award made pursuant to LSA-R.S. 19:201. See Illinois Central Gulf Railroad Company, 464 So.2d at 404; LSA-C.C.P. art.1920; but see Louisiana Resources Company v. Noel, 499 So.2d 1016, 1023 (La.App. 3rd Cir.1986) (Court found that expenses did not constitute part of an attorney’s fee award authorized by LSA-R.S. 19:8). Applying the rationale of McCarroll, and in light of this court’s previous decision of Illinois Central Gulf Railroad Company, we find no abuse of the trial court’s discretion in its award of a portion of these costs and expenses herein as part of the award authorized by LSA-R.S. 19:201.
is However, more recently, this court has affirmed the trial court’s denial of an award of expert fees in a dismissed expropriation proceeding. This court noted that although LSA-R.S. 13:5112 allows the court to impose expert fees on a political subdivision, such an award is only appropriate when a substantive judgment has been rendered in favor of the party requesting such an award. St. Tammany Parish Hospital Service District No. 2, 2000-0247 at p. 15, 808 So.2d at 589. Additionally, this court further held that, unlike the situation involving attorney’s fees, there is no comparable statute mandating, or even allowing, an award of expert fees when an expropriation suit has been abandoned or dismissed. St. Tammany Parish Hospital Service District No. 2, 2000-0247 at p. 16, 808 So.2d at 589.
In the instant case, there was no substantive judgment in favor of defendants; rather, there was only a dismissal without prejudice of the expropriation action on the motion of the Town of Walker and an award of attorney’s fees, expert fees and costs. Thus, under the holding of St. Tammany Parish Hospital Service District No. 2, there is no legal basis for an award of expert fees. St. Tammany Parish Hospital Service District No. 2, 2000-0247 at pp. 15-16, 808 So.2d at 588-589. Given that this is the latest pronouncement from this court on the issue of recovery of expert fees, we feel constrained to likewise conclude that, under the facts presented, where the Town of Walker moved to dismiss its case and where there is no substantive judgment in favor of defendants, there is no statutory basis for an award of expert fees herein.
*357 u Accordingly, the judgment will be amended to delete the award of expert fees.[2] In all other respects, we find no abuse of the trial court’s discretion in its award of attorney’s fees and costs.
CONCLUSION
For the above and foregoing reasons, the May 14, 2001 amended judgment is amended to reduce the award of attorney’s fees and costs including expert fees from $65,575.52 to $51,174.76. In all other respects, the judgment is affirmed. Costs of this appeal in the amount of $2,350.00 are assessed one-fourth to defendants, Mary Stafford, Betty Marsh and Lance Milton, and three-fourths to plaintiff, the Town of Walker.
AMENDED AND, AS AMENDED, AFFIRMED.
CARTER, C. J., concurs with reasons.

. Based on our review of the record, it appears that the trial court awarded $14,400.76 in expert fees, which it found as a fact to be related to the expropriation proceeding, and the judgment will be amended to delete this amount. However, the award of $450.00 for the expert testimony of David Robinson, who testified as an expert witness at the hearing to set the attorney's fee award, will not be disturbed.