517 So.2d 415 (1987)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT
v.
Daniel E. SHERIDAN, et ux.
No. CA 86 1543.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*416 Roxie R. Foster, Baton Rouge, for plaintiff-appellant State of La. & Dept. of Transp.
Robert W. Thomas, Lake Charles, for defendant-appellee Daniel Sheridan.
John N. Gallaspy, Bogalusa, for defendant-appellee Clinton Oil Co.
Before COVINGTON, C.J., and SAVOIE and LEBLANC, JJ.
COVINGTON, Chief Judge.
In this expropriation suit, the State took a parcel of land owned by Daniel Edward Sheridan and Rosemary Falcon Sheridan, situated in the Parish of Washington, State of Louisiana, for a proposed highway project. A portion of the land expropriated was under lease to Ernest W. Clinton, who in turn had subleased it to Clinton Oil Company of the South, Inc., a family owned corporation. Under the sublease the oil company operated a gasoline service station on the Sheridan property. In connection *417 with the expropriation, the State deposited the sum of $7,713.00 in the registry of the court. Subsequently, the landowners withdrew the deposit and any objections they might have made to the amount of damages paid to them.
Ernest W. Clinton, as lessee, and Clinton Oil Company, as sublessee, intervened for damages, for diminution of the value of the lease and for the diminution of the value of the business operation, including loss of sales and profits, expenses for cost of moving facilities, and damages for disruption of access and use of the property.
The highway construction enlarged one of the major roadways of Bogalusa, and in so doing altered the intersection of Avenue F and West 10th Street, where the Clinton service station was situated.
Prior to the construction, Clinton had two service islands, with two gas pumps located on each island. When curbing was added as part of the project at this intersection, two of the four access driveways into the station were destroyed. Because of the changes in access to the station, Clinton was forced to change the physical layout of the service station, by eliminating one service island and placing four gas pumps on one reconstructed island, and by eliminating the kiosk where payment for gas is received and building a new kiosk on the reconstructed island.
After trial, the trial court found that under the holding of State, Department of Transportation and Development v. Exxon Corporation, 430 So.2d 1191 (La.App. 1 Cir.1983), writ denied, 437 So.2d 1155, 1156 (La.1983), a lessee (sublessee) has a right to full compensation for losses caused by the expropriation.
In applying Exxon, the court stated:
Evidence adduced at trial showed that intervenors suffered several losses. The cost to renovate the gas station was $35,316.65. Subsequent to the renovations, intervenors had to make drainage corrections totalling $2,777.02 ($1,331.32 + $1,445.69). These expenses for renovations must be reduced by the salvage value of the old pumps that intervenors retained, ... pictorial evidence shows that there were only four old gas pumps. Each pump has a salvage value of $500.00. The total reduction in expenses for the renovation is $2,000.00. Intervenors proved the following as loss of business:

Business Losses during construction $54,418.00
Business Losses for the year following
the construction....................... 10,589.00
Decrease in gross profit per gallon 46,374.00
 ___________
 TOTAL BUSINESS LOSSES.... $111,381.00

After discussing the evidence, and the fees and costs that he would allow, the trial judge rendered the following judgment: [I]t is
ORDERED, ADJUDGED AND DECREED that the deposit of $7,713.00 into the registry of the court by the plaintiff, as withdrawn by the property owners, Daniel Edward Sheridan and Rosemary Falcon Sheridan, and as acquiesced in by the said owners by amendment to their pleadings, be and it is hereby made the judgment of this court, with judgment being entered in favor of Daniel Edward Sheridan and Rosemary Falcon Sheridan and against the State of Louisiana, Department of Transportation and Development for the amount of $7,713.00 as heretofore deposited and withdrawn; and it is further
ORDERED, ADJUDGED AND DECREED that judgment be and it is hereby entered in favor of Ernest W. Clinton and Clinton Oil Company of the South, Inc. and against State of Louisiana, Department of Transportation and Development, in the amount of $147,474.66, with legal interest thereupon at the rate of 12% per annum from February 27, 1981, the date of taking; and it is further ORDERED, ADJUDGED AND DECREED that attorneys fees for the attorneys for the intervenors are hereby fixed at the amount of $7,500.00, pursuant to Louisiana Revised Statutes 48:453(e) and assessed as against the State of Louisiana, Department of Transportation and Development; and it is further
ORDERED, ADJUDGED AND DECREED that expert witnesses fees herein are fixed as follows and assessed, together *418 with all other costs, as against the State of Louisiana, Department of Transportation and Development:

Edward Thomas Saucier $1,000.00
William R. Hill, CPA $4,948.34
Arthur D. Breland $ 250.00

and it is further
ORDERED, ADJUDGED AND DECREED that all other court costs, including cost of transcribing the trial testimony, and the amount of $168.20, representing the cost of transcribing the deposition of Edward Thomas Saucier, be assessed as against the State of Louisiana, Department of Transportation and Development.
JUDGMENT SIGNED at Covington, Louisiana this 13 day of June, 1986.
On appeal, the State specifies as errors:
(1) The court erred in finding that the defendants Daniel Edward Sheridan and Rosemary Falcon Sheridan were entitled to $7,713.00 deposited into the registry of the court.
(2) The trial court erred in refusing to allow appraiser for the State, L.J. Roy, to testify as to the division of just compensation for the land value and damages resulting from the expropriation.
(3) The trial court erred in awarding business loss to the intervenors, Ernest Clinton and Clinton Oil Company.
In its first argument, the State contends that the award (the amount of the deposit) should be apportioned between landowners and lessee (sublessee). There is no merit to this argument. The State deposited an amount which was only intended to compensate the landowners, the Sheridans, for expropriation of their parcel of land described in the petition. The lessee was not made a party to the suit. The deposited amount was no longer in dispute when the Sheridans withdrew the deposit and any objections they had previously made to the amount of their damages. Later the Sheridans moved for judgment on the pleadings because they agreed with the allegations contained in the State's petition; and therefore, there was no longer any issue to be decided in this respect. Accordingly, the trial on the merits focused only on the intervention claim. This claim was not within the contemplation of the State's deposit of compensation; it was asserted by intervention subsequent to the deposit.
There is also no merit in the State's contention that the court below erred in refusing to allow L.J. Roy, an appraiser for the State, to testify as to the division of compensation for the land value and damages resulting from the expropriation. Mr. Roy's testimony shows that the figures he was asked by the State to testify to were figures that he obtained from someone else, who was not a witness in the suit. Such testimony was inadmissible. Mr. Roy's appraisal was offered in evidence. It shows that the purpose of the appraisal was to estimate the fair market value of the property taken from the landowners, and any severance damages sustained by them. Mr. Roy's appraisal did not encompass the damages allegedly sustained by the lessee (sublessee). The appraisal of Mr. Roy had no probative value in the intervention suit. There was no error in the trial judge's ruling that Mr. Roy's opinion testimony was inadmissible. It is apparent from his appraisal that Mr. Roy only appraised the compensation damages due the landowners; he did not consider the damages to the lessee (sublessee).
In its final argument, the State contends that the trial court erred in awarding "business loss" to the intervenors. There is no merit in this contention. The law allows damages to be awarded to the lessee (sublessee) for loss of business profits up to expiration of the lease. That is what the trial court did in the instant case. See, State, Department of Transportation and Development v. Pipes, 489 So.2d 293 (La. App. 4 Cir.1986), writ denied, 492 So.2d 1219 (La.1986); State, Department of Transportation and Development v. Exxon Corporation, supra. A condemnee is entitled to compensation to the full extent of its loss, including business losses. See, State, Department of Highways v. Constant, 369 So.2d 699 (La.1979).
*419 The determination of what amount will compensate the condemnee to the full extent of its loss because of the expropriation of its property right must be made on the basis of the facts of each case and in accord with the uniqueness of the property right taken. Such findings by the trial court will not be disturbed in the absence of manifest error. State, Department of Transportation and Development v. Hecker, 493 So.2d 125 (La.App. 5 Cir.1986), writs denied, 494 So.2d 325, 326 (La.1986); State, Department of Transportation and Development v. Pipes, supra. After reviewing the evidence we are satisfied with the intervenors' proof of loss and find no basis to disturb the factual findings of the trial court.
Turning now to the intervenors' request for an increase in the attorney fee award. The trial court awarded an attorney fee of $7,500. La.R.S. 48:453(E) allows the court, in its discretion, to award reasonable attorney fees to the condemnee where the amount of compensation awarded in the judgment exceeds the amount of the deposit, limited to 25% of the difference between the deposit and the award. No deposit was made to compensate the lessee (sublessee). No evidence relating to what amount would be a reasonable attorney fee was presented in the instant case. The trial judge was aware of the work which was performed by the attorneys and there is nothing to suggest that he abused his discretion in fixing the award for attorney fees for the work done in the trial court. We believe that there should be an additional amount of $2,500 awarded for attorney fees for the legal services rendered in connection with this appeal. Consequently, we increase the attorney fees for the attorneys for the intervenors to $10,000. See, City of Shreveport v. Standard Printing Company of Shreveport, Inc., 427 So.2d 1304 (La.App. 2 Cir.1983), writ denied, 434 So.2d 1106 (La. 1983).
For the foregoing reasons, we amend the judgment by awarding an additional amount of $2,500 as attorney fees to the attorneys for intervenors' for work in connection with this appeal by increasing the award for attorney fees to $10,000; in all other respects, the judgment appealed is affirmed.
The State is taxed with costs in the amount of $818.60.
AMENDED, AND AFFIRMED AS AMENDED.