LFOGG, J.
At issue on appeal in this expropriation case is the value assigned to the expropriated property and the deduction of remediation costs from that sum. For the following reasons, we affirm.
Pursuant to LSA-R.S. 19:102, the City of Baton Rouge and the Parish of East Baton Rouge (hereinafter collectively referred to as the “City-Parish”) filed suit against Evest Antonio Broussard, Evest Antonio Broussard, II, and Frances Brous-sard Holliday (hereinafter collectively referred to as the “Broussards”), seeking to expropriate certain immovable property (“Broussard Tract”), on which their business, Broussard Paint and Wallpaper, was located. Subsequently, the parties entered into a partial consent judgment whereby the Broussards agreed to transfer title to the property to the City-Parish, and the City-Parish agreed to pay the Broussards the undisputed sum of $159,800 ($250,000 less remediation costs in the sum of $90,200). The Broussards reserved the right to contest the amount of the full compensation to which they are entitled, including the value of the property and improvements, relocation costs, economic damages, and attorney’s fees, and the City-Parish reserved its right to seek additional remediation costs.
After trial on the merits, the trial court rendered judgment in favor of the defendants in the sums of $250,000 for their loss and $50,000 for moving expenses, less credits to the City-Parish for the estimated remediation cost of $90,200 and the $159,800 sum previously paid to the defendants, leaving the sum of $50,000 due to the defendants. The Broussards appealed, and the City-Parish answered the appeal.
In 1974, the Louisiana Constitution was amended to provide that, in an expropriation, “the owner shall be compensated to the full extent of his loss.” La. Const. Art. I, Sec. 4. Pursuant to this amendment, the owner is no longer limited to the market value of his property, if such does not fully compensate his loss; rather, lathe loss of business and replacement costs are compensable items of damages in expropriation cases. State Through Dep’t of Highways v. Constant, 369 So.2d 699 (La.1979). Also, the cost of relocation, inconvenience and loss of profits is compensable under *668 this provision. State, Dep’t of Transp. and Dev. v. Dietrich, 555 So.2d 1355 (La.1990).
The determination of what amount will compensate a landowner to the full extent of his loss must be made on the basis of the facts of each case and in accordance with the uniqueness of the thing taken. State, Dep’t of Transp. and Dev. v. Hammons, 550 So.2d 767 (La.App. 2 Cir.1989); Southern Natural Gas Co. v. Poland, 406 So.2d 657 (La.App. 2 Cir. 1981), writ denied, 412 So.2d 86 (La.1982), cert. denied, 459 U.S. 833, 103 S.Ct. 75, 74 L.Ed.2d 73 (1982). The determination by the trial court of what amount will compensate an individual will not be disturbed on appeal in the absence of manifest error. State, Dep’t of Transp. and Dev. v. Sheridan, 517 So.2d 415 (La.App. 1 Cir.1987).
The trial court awarded replacement cost for the Broussards’ loss in the sum of $250,000 as valued by Michael J. Defelice, an expert in the field of real estate appraisal employed by the City-Parish. This award is uncontested on appeal. However, the Broussards aver the trial court erred in deducting from this award the cost of remediation in the sum of $90,200.
Barry J. Hebert, an environmental consultant, was accepted by the trial court as an expert in the field of subsurface investigations involving assessing, monitoring and remediation. He conducted a Phase II Environmental Site Assessment of the Broussard tract. This study included the collection of samples to determine whether certain constituents were present. During the study, Hebert discovered the presence of some total petroleum hydrocarbons in the diesel and oil range and the presence of one or more underground storage tanks. He estimated the cost to remediate this property to be $90,200.
|4The Broussards concede that the deduction of remediation costs are appropriate when the value of an expropriated property is determined using the market value of the property, but assert that the deduction of remediation costs is incorrect when the replacement cost approach is employed in valuing the owners’ loss, as is the case herein. They cite no jurisprudence in support of this assertion, and we have found none. Furthermore, we disagree with their assertion that the analysis employed in the Constant case demands that result. In Constant, the court held that, under the 1974 amendments to the Louisiana Constitution, more factors than simply fair market value must be considered in fully compensating an owner in an expropriation; the court must look to the particular facts and circumstances in each case to determine what amount will compensate an owner “to the full extent of his loss.” State Through Dep’t of Highways v. Constant, 369 So.2d 699 (La.1979). Applying this tenet, we find no error of law in the assessment of remediation costs to the landowner.
The Broussards assert the trial court erred in failing to award them additional damages for their claims for negligence, detrimental reliance, and delay damages. These theories of recovery rely essentially of the same series of events. In essence, the Broussards contend the City-Parish misled them about the length of time the expropriation process would take, and this delay caused them to incur business losses and suffer emotional damage over a period of several years. The trial court rejected these claims, finding no factual basis for these theories of recovery. The instant record amply supports the trial court’s determination that the evidence failed to support these claims. Therefore, these findings of fact cannot be manifestly erroneous. Stobart v. State, through Dep’t of Transp. & Dev., 617 So.2d 880 (La.1993).
*669 The Broussards also claim the trial court erred in failing to award them attorney’s fees, contending attorney’s fees are mandated by La. Const. Art. 1, § 4’s | ^guarantee of compensation “to the full extent of his loss.” We disagree. The amount of attorney fees awarded in expropriation cases is discretionary with the trial court. LSA-R.S. 19:109 A. Relevant factors include the ultimate result obtained, the responsibility incurred, the importance of the litigation, the amount of money involved, the extent and character of the work performed, legal knowledge, attainment and skill of the attorneys, number of appearances, intricacies of the facts involved, diligence and skill of counsel, and the court’s own knowledge. State, Dep’t of Transp. and Dev. v. Williamson, 597 So.2d 439 (La.1992). Furthermore, the court is not bound by a contingency fee contract or the amount actually charged by the attorney. Taylor v. Production Serv., Inc., 600 So.2d 63 (La.1992). The trial court’s discretion is great and will not be disturbed in the absence of a clear abuse of that discretion. Red River Waterway Com’n v. Fry, 628 So.2d 38 (La.App. 2 Cir.1993), writ denied, 93-3050 (La.2/4/94), 633 So.2d 581.
Herein, the amount finally awarded for the value of the taking is not substantially higher than the amount offered by the authority initiating the taking. Therefore, we find no abuse of the trial court’s discretion in not awarding attorney’s fees.
Finally, the City-Parish answered the appeal, contesting the trial court’s award of moving expenses in the sum of $50,000 to the Broussards. At trial, Charles D’Agostino, an expert in business management, testified on behalf of the Broussards. He opined that the cost to move Broussard Paint and Wallpaper to be $50,000, including $35,000 for advertising expenses. The trial court has great discretion in assessing the credibility of expert witnesses and accepting or rejecting their opinions. LSA-C.E. art. 702; Annina v. Eschette, 2000-1892 (La.App. 1 Cir. 11/21/01), 814 So.2d 13, writ denied, 2001-3375 (La.3/8/02), 811 So.2d 880. Given the expert testimony presented, we are unable to find manifest error in the | fitrial court’s award.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against the appellants, Evest Antonio Broussard, Evest Antonio Broussard, II, and Frances Broussard Holliday.
AFFIRMED.